492 A.2d 669

**Zane Truett PARTAIN**

v.

**STATE of Maryland.**

**No. 1236, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 17, 1985.

David R. Durfee, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender and George E. Burns, Jr., Asst. Public Defender, Baltimore, on brief), for appellant.

Ann E. Singleton, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Diane G. Goldsmith, Asst. Atty. Gen., Baltimore, and Richard D. Warren, State's Atty. for Wicomico County, Salisbury, on brief), for appellee.

Argued before GILBERT, C.J., and BISHOP and GETTY, JJ.

BISHOP, Judge.

Zane Truett Partain was convicted by a Wicomico County jury of second degree sexual offense,[1] third degree sexual offense,[2] unnatural or perverted sexual practices,[3] assault,[4] and battery,[5] based upon his sexual activity with an eight

---

1. Md.Ann.Code art. 27, § 464A (1982).

2. Md.Ann.Code art. 27, § 464B (1982).

3. Md.Ann.Code art. 27, § 554 (1982).

4. Common Law.

5. Common Law.

year old girl. Appellant was sentenced (Pollitt, J.) to a term of twenty years imprisonment for the second degree sexual offense and two concurrent ten year terms for each of the other convictions except for assault which was merged with battery.

Appellant contends that:

I. The trial court erred in refusing to ask a *voir dire* question requested by appellant;

II. The evidence was insufficient to prove a "sexual act" within the meaning of the second degree sexual offense statute, Md.Ann.Code art. 27, § 464A;

III. The trial court erred in its instructions to the jury regarding the definition of the "sexual act," cunnilingus;

IV. The evidence was insufficient to prove a "sexual contact" within the meaning of the third degree sexual offense statute, Md.Ann.Code art. 27, § 464B;

V. The trial court erred in its instructions to the jury regarding the definition of "sexual contact;" and

VI. The trial court erred in failing to suppress a magazine seized from appellant's apartment.

## FACTS

The victim testified that on May 19, 1984, she was wearing a bathing suit and was sunbathing when her dog escaped from the back yard. Appellant helped her retrieve the dog, and then persuaded her to accompany him to his apartment to give some water to the dog. The victim testified that on two separate occasions while she was in appellant's apartment, once in the bedroom and once in the bathroom, appellant pushed aside the crotch area of her bathing suit and licked her genitals. Appellant also masturbated in her presence and showed her a pornographic magazine which she identified at trial.

Appellant, who was in his mid-thirties at the time of trial, testified that he helped the victim catch her dog and gave it a bowl of water in his apartment, and that the victim came

into his apartment at that time, but denied that there had been any "contact" between them. He admitted that the pornographic magazine was in his apartment that day, but denied showing it to the victim.

## I

### *Voir Dire*

[T]here is no statute in Maryland prescribing the objects of inquiry in determining the eligibility of jurors, and the subject is not covered by rigid rules, but is committed largely to the sound discretion of the trial court in each case.

"It is settled in Maryland that in examination of jurors on their *voir dire*, . . . the extent of the examination rests in the sound discretion of the court, and that the purpose of the inquiry is to ascertain 'the existence of cause for disqualification and for no other purpose.' Questions not directed to a specific ground for disqualification but which are speculative, inquisitorial, catechising or 'fishing', asked in aid of deciding on peremptory challenges, may be refused in the discretion of the court, even though it would not have been error to have asked them."

"[P]arties to an action triable before a jury have a *right* to have questions propounded to prospective jurors on their *voir dire*, which are directed to a specific cause for disqualification, and failure to allow such questions is an abuse of discretion constituting reversible error"

*Langley v. State*, 281 Md. 337, 342, 378 A.2d 1338 (1977) (Citations omitted).

■ In the case *sub judice*, appellant who had a prior conviction for second degree murder, requested a *voir dire* question regarding whether a prospective juror would be unable to render a fair and impartial verdict based upon the fact that any of the prospective witnesses had a criminal record. The trial judge refused to ask the question but

stated that he would give a cautionary instruction to the jury, if requested, that the conviction could be considered only with reference to appellant's credibility, and not his guilt or innocence. *See Piles v. State,* 233 Md. 487, 489, 197 A.2d 238 (1964); *Whitehead v. State,* 54 Md.App. 428, 430, 458 A.2d 905, *cert. denied,* 296 Md. 655 (1983). Appellant chose not to take advantage of this offer.

Rather than being directed to a specific ground for disqualification, the requested question was speculative and inquisitorial, asked in aid of deciding on peremptory challenges. Accordingly, although it may not have been error to have asked the question, we find no abuse of the court's discretion in refusing to ask it. *Langley,* 281 Md. at 342, 378 A.2d 1338.

## II & III

### *Second Degree Sexual Offense*

■ "A person is guilty of a sexual offense in the second degree if the person engages in a sexual act with another person . . . [u]nder 14 years of age and the person performing the sexual act is four or more years older than the victim." Md.Ann.Code art. 27, § 464A(a)(3) (1982).

> "Sexual act" means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Emmission of semen is not required. Penetration, however slight, is evidence of anal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body if the penetration can be reasonably construed as being for the purposes of sexual arousal or gratification or for abuse of either party and if the penetration is not for accepted medical purposes.

Md.Ann.Code art. 27, § 461(e) (1982).

Appellant contends that the evidence was insufficient to prove "sexual act" because cunnilingus requires penetration and the only evidence in the case *sub judice* is that appellant "licked" her genitals, not that he penetrated them. We

do not agree and hold that the "sexual act" cunnilingus does not require penetration of the genitals. *See Thomas v. State*, 301 Md. 294, 320–22, 483 A.2d 6 (1984) (fellatio does not require penetration of the mouth).

Although cunnilingus is not defined in the "Sexual Offenses" statute, its ordinary meaning is "a sexual activity involving oral contact with the female genitals." Webster's New Twentieth Century Dictionary (2d ed. 1977) at 445. *See also* Black's Law Dictionary (5th ed. 1979) at 343 ("[a]n act of sex committed with the mouth and the female sexual organ.") The term, of Latin origin, is derived from *cunnus* meaning vulva, and *lingere* meaning to lick. Webster's at 445. The sexual offense statute, which explicitly requires penetration when it is an element of the offense, *see* Md. Ann.Code art. 27, § 461(e) (1982) (sexual act/anal intercourse; sexual act/with an object); Section 461(f) (sexual contact/part of body other than penis, mouth or tongue); Section 461(g) (vaginal intercourse), significantly omits any reference to penetration as a requirement for cunnilingus.

Appellant erroneously relies upon *Bradbury v. State*, 233 Md. 421, 423, 197 A.2d 126 (1964) and *Canter v. State*, 224 Md. 483, 485, 168 A.2d 384 (1961) which refer to the requirement of penetration for the common law offense of sodomy. At oral argument, appellant argued in support that the crime of sodomy has been extended beyond its common law meaning—sexual intercourse by a man or woman with an animal or anal intercourse by a man with another man or with a woman, to include "cunnilingus"—the taking of the sexual organ of a female into the mouth of another person, male or female, R. Gilbert & C. Moylan, *Maryland Criminal Law: Practice and Procedure* (1983) at p. 83–84 & n. 5. We do not agree that it follows that the sexual act cunnilingus requires penetration of the genitals or that the common law interpretation would control the plain meaning of the term under the statutory sexual offense. *Cf.* Md.Ann.Code art. 27, § 464E (1982) ("undefined words or phrases in ... [the 'sexual offenses'] subheading which describe elements of the common-law crime of rape

shall retain their judicially determined meaning except to the extent expressly or by implication changed in this subheading.").

The evidence presented below regarding contact between appellant's mouth and tongue and the victim's genitals is sufficient to prove the "sexual act" cunnilingus. Therefore, the trial court did not err in failing to instruct the jury that penetration was a necessary element.

## IV & V

### *Third Degree Sexual Offense*

"A person is guilty of a sexual offense in the third degree if the person engages in sexual contact ... [w]ith another person who is under 14 years of age and the person performing the sexual contact is four or more years older than the victim." Md.Ann.Code art. 27, § 464B(a)(3) (1982).

"Sexual contact" as used in §§ 464B and 464C, means the intentional touching of any part of the victim's or actor's anal or genital areas or other intimate parts for the purposes of sexual arousal or gratification or for abuse of either party and includes the penetration, however slight, by any part of a person's body if that penetration can be reasonably construed as being for the purposes of sexual arousal or gratification or for abuse of either party. It does not include acts commonly expressive of familial or friendly affection, or acts for accepted medical purposes.

Md.Ann.Code art. 27, § 461(f) (1982).

▆▆ Appellant contends that the evidence was insufficient to prove "sexual contact" because the statute requires either that the defendant intentionally touch the intimate parts of the victim, or that the victim be forced to touch the intimate parts of the defendant, and that masturbation is not within the purview of the statute. We assume, without deciding, that appellant's interpretation of the statute is reasonable, but hold that the evidence regarding one of the acts of cunnilingus was sufficient to establish "sexual con-

tact" within the meaning of the third degree sexual offense statute. The evidence regarding the other act of cunnilingus is sufficient to establish "sexual act" for the second degree sexual offense conviction.

Although a single act may not have supported convictions for both second and third degree sexual offenses, *see Walker v. State*, 53 Md.App. 171, 200–201, 452 A.2d 1234 (1982) (discussing single act constituting two separate crimes and the rule of lenity), *cert. denied*, 296 Md. 63 (1983), the evidence in this case clearly establishes that there were two separate incidents in which appellant pushed aside the crotch area of the victim's bathing suit and licked her genitals. Surely this act constituted a "sexual contact" as an "intentional touching of ... the victim's ... genital areas ... for the purposes of sexual arousal or gratification...." Md.Ann.Code art. 27, § 461(f) (1982). There is no basis for concluding that cunnilingus cannot constitute a "sexual contact" because it also constitutes a "sexual act."

The legislative history of the "Sexual Offenses" statute indicates that the legislature did not intend to preclude cunnilingus from establishing "sexual contact." Among the definitions of "sexual contact" rejected by the legislature was one which specifically excluded a "sexual act" which was defined to include cunnilingus, 1976 Laws of Md. ch. 573 § 2 at p. 1531, and another which specifically excluded cunnilingus, *Id.* at p. 1531–32. The definition adopted excludes "penetration" by the penis, mouth or tongue. Md.Ann.Code art. 27, § 461(f) (1982).

Appellant could have been charged and convicted of two counts of second degree sexual offense or two counts of third degree sexual offense based upon the two separate incidents, but he was charged only with one count each. Under these circumstances it is not inconsistent for a jury to conclude that these two separate incidents of sexual activity of the same type constitute individual second and third degree sexual offenses.

## VI

### *Search Warrant*

A search warrant may be issued under Md.Ann.Code art. 27, § 551(a) (1984 Cum.Supp.) if there is probable cause "to believe that any misdemeanor or felony is being committed ... or that any property [is] subject to seizure under the criminal law of the State...." Appellant contends that the State did not have statutory authority to seize the pornographic magazine from his apartment because the completed crimes of which he was convicted were not "being committed" when it was seized, and the magazine itself was not contraband. We rejected this interpretation of Section 551 in *Andresen v. State,* 24 Md.App. 128, 169, 331 A.2d 78, *cert. denied,* 274 Md. 725 (1975); *aff'd.,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

Although we have criticized our opinion in *Andresen* as too general for concluding that the provisions of the Fourth Amendment, Article 26 and Section 551 "are provisions *in pari materia* and protect like rights in a like manner," *In re Special Investigation No. 228,* 54 Md.App. 149, 176 n. 26, 458 A.2d 820, *cert. denied,* 296 Md. 414 (1983), the conclusion that "evidence of past crime ... is seizable under the Fourth Amendment" and under Section 551 is valid.

During the incident, appellant showed the magazine to the victim who identified it at trial as the one which had been in appellant's apartment.

Section 551 authorizes a search

> of persons, places or things, as reasonably particularized in the warrant, for specifically designated property, unlawfully obtained or held, or of evidence of the commission of the crime, now *including items relating thereto which are purely evidentiary in nature.* As the search warrant is issued for the basic purpose of making a search, the probable cause necessary to support its issuance requires a proper showing not only that a crime has been or is being committed, but also that the evidence

of the crime is upon the person or within the place or thing to be searched.

*Salmon v. State,* 2 Md.App. 513, 519, 235 A.2d 758 (1967) (Emphasis added, citations omitted).

JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.