**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-2205

MUSTAFA WAFFI,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: June 18, 2008          Decided: July 3, 2008

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Thomas A. Elliot, Fabienne Chatain, Thomas H. Tousley, ELLIOT &
MAYOCK, Washington, D.C., for Petitioner. Gregory G. Katsas,
Acting Assistant Attorney General, David V. Bernal, Assistant
Director, Anthony P. Nicastro, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mustafa Waffi, a native and citizen of Afghanistan, petitions for review of an order of the Board of Immigration Appeals ("Board"), finding he was removable and not eligible for withholding from removal, and adopting and affirming the immigration judge's decision granting him deferral of removal to Afghanistan under the Convention Against Torture. The only issue in the petition for review is whether Waffi's conviction under Virginia law for taking indecent liberties with a child, Va. Code. Ann. § 18.2-370 (Supp. 2007), was properly considered by the Board to be sexual abuse of a minor. We deny the petition for review.

Although this court typically lacks jurisdiction over petitions for review filed by criminal aliens such as Waffi, see 8 U.S.C.A. § 1252(a)(2)(C) (West 2005), we retain jurisdiction to consider constitutional claims or questions of law raised in a petition for review. § 1252(a)(2)(D); Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

We note the Board properly considered the question of whether Waffi's conviction could be considered sexual abuse of a minor by using the categorical approach. Mbea, 482 F.3d at 279. Under this approach, the court "look[s] only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as [sexual abuse of

a minor]."  United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008).  We agree with the Board's conclusion.  We find the Virginia statute can be considered sexual abuse of a minor under the categorical approach because the statute entails "the perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification."  Id. at 352 (internal quotation marks omitted).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED