**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1002**

OSCAR SIFREDO ALVARADO,

       Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 15, 2010    Decided:  October 21, 2010

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jaime W. Aparisi, Silver Spring, Maryland, for Petitioner.  Tony West, Assistant Attorney General, Jamie M. Dowd, Senior Litigation Counsel, Andrew N. O'Malley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Sifredo Alvarado, a native and citizen of El Salvador, petitions for review of a final administrative order of expedited removal issued by Immigration and Customs Enforcement ("ICE"). For the reasons discussed below, we deny the petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who is removable for having been convicted of certain enumerated crimes, including aggravated felonies. Because Alvarado was found removable for having been convicted of an aggravated felony, under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Alvarado] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Although Alvarado concedes that he is a native and citizen of El Salvador, he denies the allegation that he is removable as an aggravated felon. Based on our review of the

2

record, we find that Alvarado's conviction under Maryland law for sexual offense in the third degree amounted to "sexual abuse of a minor" and was therefore an aggravated felony. See 8 U.S.C. § 1101(a)(43)(A) (2006) (defining aggravated felony as including the murder, rape, or sexual abuse of a minor); United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008) (defining "sexual abuse of a minor").[*] Accordingly, Alvarado is indeed an alien who has been convicted of an aggravated felony, and § 1252(a)(2)(C) divests us of jurisdiction over the petition for review absent a colorable constitutional claim or question of law.

Alvarado raises two additional issues which arguably can be considered questions of law in his petition for review, namely, (1) whether ICE violated his right to counsel by failing to consider his response to the Notice of Intent to Issue a Final Administrative Order and failing to include this document in the administrative record; and (2) whether he was denied a bond hearing in violation of his due process rights.

To succeed on a procedural due process claim, Alvarado must demonstrate "(1) that a defect in the proceeding rendered

---

[*] We reject Alvarado's argument that his conviction was not final for immigration purposes. See 8 U.S.C. § 1101(a)(48)(A) (2006) (defining "conviction" as the "formal judgment of guilt of the alien entered by a court").

it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008); accord Rusu v. INS, 296 F.3d 316, 320-22 (4th Cir. 2002). We note that the Attorney General ascertained that Alvarado's response was indeed a part of the record before the agency and was inadvertently omitted from the administrative record. Moreover, even assuming that ICE neglected to consider the response, Alvarado cannot demonstrate the requisite prejudice as his claim that his conviction was not final for immigration purposes is clearly without merit. Finally, we find that Alvarado's contention that he was entitled to a bond hearing is outside the scope of the petition for review. See Joseph v. Holder, 600 F.3d 1235 (9th Cir. 2010) (explaining that bond determination hearings and removal hearings are entirely separate proceedings).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED