**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2170

RAFAEL ANTONIO LARIOS-REYES, a/k/a Rafael A. Reyes,

                Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: September 21, 2016          Decided: December 6, 2016

Before GREGORY, Chief Judge, and NIEMEYER and HARRIS, Circuit Judges.

Petition for review granted and order of removal vacated by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Niemeyer and Judge Harris joined.

**ARGUED:** Benjamin Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, for Petitioner. Karen L. Melnik, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Himedes V. Chicas, JEZIC & MOYSE, LLC, Silver Spring, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Derek C. Julius, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

GREGORY, Chief Judge:

Rafael Antonio Larios-Reyes, a native and citizen of El Salvador, seeks review of the decision of the Board of Immigration Appeals ("BIA") finding him removable based on his conviction for "Third Degree Sex Offense" under Maryland Criminal Law Article § 3-307. The BIA determined that Larios-Reyes's state conviction qualifies as the aggravated felony of "sexual abuse of a minor" under § 1101(a)(43)(A) of the Immigration and Nationality Act ("INA") and affirmed the immigration judge's finding that Larios-Reyes is therefore removable. We find that the BIA erred as a matter of law and hold that Larios-Reyes's conviction does not constitute the aggravated felony of "sexual abuse of a minor" under the INA because Maryland Criminal Law Article § 3-307 proscribes more conduct than does the generic federal offense. We therefore grant Larios-Reyes's petition for review, vacate the order of removal, and order his immediate release from Department of Homeland Security ("DHS") custody.

I.

Larios-Reyes entered the United States as a lawful permanent resident in 1999, when he was four years old. Administrative Record ("A.R.") 450. On August 5, 2013, Larios-Reyes was charged with "Sex Offense Second Degree" in violation

2

of Maryland Criminal Law Article § 3-306 and "Sex Abuse Minor" in violation of § 3-602(b)(1). Id. at 765. On September 13, 2013, Larios-Reyes was indicted on both counts. Id. at 762-63.

In May 2014, Larios-Reyes and the State of Maryland reached a plea agreement. The State dismissed the "Sex Abuse Minor" charge and amended the "Sex Offense Second Degree" charge to the lesser charge of "Third Degree Sex Offense" under § 3-307. Id. at 756, 769. Larios-Reyes pleaded guilty to the amended second charge, which states that

> RAFAEL ANTONIO REYES (date of birth 09/16/94), on or about and between November 1, 2012, and November 30, 2012[,] . . . in Montgomery County, Maryland, did commit a sexual offense in the third degree on [victim] (date of birth 05/23/08), to wit: fellacio, in violation of Section 3-307 of the Criminal Law Article against the peace, government, and dignity of the State.

Id. at 763.

The Maryland statute under which Larios-Reyes was convicted provides that

> (a) A person may not:
>
> (1) (i) engage in sexual contact with another without the consent of the other; and
>
> (ii) 1. employ or display a dangerous weapon, or a physical object that the victim reasonably believes is a dangerous weapon;
>
> 2. suffocate, strangle, disfigure, or inflict serious physical injury on the victim or another

3

in the course of committing the crime;

    3. threaten, or place the victim in fear, that the victim, or an individual known to the victim, imminently will be subject to death, suffocation, strangulation, disfigurement, serious physical injury, or kidnapping; or

    4. commit the crime while aided and abetted by another;

(2) engage in sexual contact with another if the victim is a mentally defective individual, a mentally incapacitated individual, or a physically helpless individual, and the person performing the act knows or reasonably should know the victim is a mentally defective individual, a mentally incapacitated individual, or a physically helpless individual;

(3) engage in sexual contact with another if the victim is under the age of 14 years, and the person performing the sexual contact is at least 4 years older than the victim;

(4) engage in a sexual act with another if the victim is 14 or 15 years old, and the person performing the sexual act is at least 21 years old; or

(5) engage in vaginal intercourse with another if the victim is 14 or 15 years old, and the person performing the act is at least 21 years old.

Md. Code Ann., Crim. Law § 3-307 (2002).

The Circuit Court for Montgomery County, Maryland, sentenced Larios-Reyes to 364 days in prison, all suspended, and

4

five years of supervised probation and medical treatment. It also ordered him to register as a sexual offender. A.R. 769-73. In July 2014, when Larios-Reyes failed to report to his probation officer or register as a sexual offender, the court issued a warrant for his arrest. Id. at 778-81. Larios-Reyes was arrested approximately one month later and ordered held without bond. Id. at 757.

In October 2014, DHS issued Larios-Reyes a notice to appear. DHS charged him with removability based on his conviction under § 3-307, which DHS contended constituted the aggravated felony of "sexual abuse of a minor" under § 1101(a)(43)(A) of the INA. Id. at 822. On March 27, 2015, the immigration judge upheld the charge of removability and ordered Larios-Reyes removed from the United States to El Salvador. Id. at 397. Larios-Reyes appealed to the BIA.

There was no dispute on appeal that a conviction under § 3-307--without more information on what part of § 3-307 Larios-Reyes violated--would not constitute "sexual abuse of a minor" under the INA. What the parties contested was whether the BIA could consider a narrower portion of § 3-307 to determine if the particular elements of Larios-Reyes's conviction constituted "sexual abuse of a minor." The questions for the BIA, then, were (1) whether § 3-307 is a divisible statute, meaning that it creates multiple alternative offenses, at least one of which

5

constitutes "sexual abuse of a minor," and if so, (2) what portion of § 3-307 Larios-Reyes was necessarily convicted of, and (3) whether the elements of Larios-Reyes's conviction matched the elements of the generic federal offense.

In an unpublished opinion issued by a single member, the BIA first concluded that § 3-307 is a divisible statute because it "create[s] multiple versions of the crime of sexual offense in the third degree." Id. at 4. The BIA then reviewed the record of conviction and concluded that Larios-Reyes was convicted under § 3-307(a)(3). The BIA enumerated the "essential elements of an offense under § 3-307(a)(3)" as "that the defendant had sexual contact with the victim, that the victim was under 14 years of age at the time of the act, and that the defendant was at least 4 years older than the victim." Id. It further found that although the conduct specified in the indictment--fellatio--falls within the definition of "sexual act" under Maryland law, "such conduct is also encompassed by the definition of 'sexual contact,'" id. at 4 n.3, which is the conduct element in § 3-307(a)(3).

The BIA then concluded that an offense under § 3-307(a)(3) categorically constitutes "sexual abuse of a minor" under the INA. Id. at 5. In reaching this conclusion, the BIA did not adopt a definition of the generic federal offense. Nor did it refer directly to any interpretations set forth in either BIA or

6

Fourth Circuit precedent. Instead, it compared § 3-307(a)(3)'s elements to the elements of a California statute that the BIA had determined constituted the federal generic offense of "sexual abuse of a minor" in In re Esquivel-Quintana, 26 I. & N. Dec. 469 (B.I.A. 2015), aff'd, Esquivel-Quintana v. Lynch, 810 F.3d 1019 (6th Cir. 2016), cert. granted, No. 16-54, 2016 WL 3689050 (U.S. Oct. 28, 2016). A.R. 4-5. The BIA here held that because § 3-307(a)(3)'s elements are narrower than the California statute's, § 3-307(a)(3) also categorically matches the generic federal offense.

The BIA accordingly affirmed the immigration judge's determination that Larios-Reyes is removable as an alien convicted of an aggravated felony under § 1101(a)(43)(A) of the INA, and it dismissed his appeal. Larios-Reyes timely filed this petition for review of the BIA's decision.

## II.

We generally lack jurisdiction to review any final order of removal against an alien removable as an aggravated felon. 8 U.S.C. § 1252(a)(2)(C); Kporlor v. Holder, 597 F.3d 222, 225–26 (4th Cir. 2010). We have limited jurisdiction, however, to review constitutional claims or questions of law, including whether a conviction qualifies as an aggravated felony. 8 U.S.C. § 1252(a)(2)(D); Amos v. Lynch, 790 F.3d 512, 517 (4th

7

Cir. 2015).  We review this question of law de novo.  Castillo v. Holder, 776 F.3d 262, 267 (4th Cir. 2015).

A.

Under the INA, an alien is removable if he or she is "convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii).  The INA contains a long list of crimes that qualify as an "aggravated felony," including "sexual abuse of a minor."  8 U.S.C. § 1101(a)(43)(A).

To determine whether Larios-Reyes's conviction under § 3-307 qualifies as "sexual abuse of a minor" under the INA, we would usually apply the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990).  Under this approach, we ask whether "'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013) (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 186 (2007)).  We answer this by first considering the elements of the generic federal crime. See Taylor, 495 U.S. at 590.  The state statute is a categorical match with the federal definition "only if a conviction of the state offense '"necessarily" involved . . . facts equating to [the] generic [federal offense].'"  Moncrieffe, 133 S. Ct. at 1684 (quoting Shepard v. United States, 544 U.S. 13, 24 (2005)) (alterations in original).  We therefore "focus on the minimum

8

conduct necessary for a violation of the state statute, while ensuring that there is a 'realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" Castillo, 776 F.3d at 267–68 (quoting Gonzales, 549 U.S. at 193). We look to the decisions of Maryland's appellate courts to see both the minimum conduct to which the statute has been applied and those courts' pronouncements on the minimum conduct to which the statute might be applied. See id. at 268. And "'[t]o the extent that the statutory definition of [§ 3-307(a)(3)] has been interpreted' by the state's appellate courts, 'that interpretation constrains our analysis of the elements of state law.'" Id. (quoting United States v. Aparicio–Soria, 740 F.3d 152, 154 (4th Cir. 2014)).

Here, the parties do not dispute that under the categorical approach, § 3-307 is broader than any conceivable federal definition of "sexual abuse of a minor" because § 3-307 enumerates several offenses that do not require the victim to be a minor. See Md. Code Ann., Crim. Law § 3-307(a)(1), (2). Under the categorical approach, then, Larios-Reyes would easily prevail. But the Supreme Court has recognized a "narrow range of cases" in which courts, when faced with an overbroad but "divisible" statute, may consider whether a portion of the statute is a categorical match to the federal generic

9

definition. Descamps v. United States, 133 S. Ct. 2276, 2284 (2013) (quoting Taylor, 495 U.S. at 602). This is called the "modified categorical approach."

In order for a court to apply the modified categorical approach, a statute must be "divisible." A statute is divisible when it (1) "sets out one or more elements of the offense in the alternative," and (2) at least one of those elements or sets of elements corresponds to the federal definition at issue. Id. at 2281; see also United States v. Cabrera-Umanzor, 728 F.3d 347, 352 (4th Cir. 2013) (stating that "general divisibility [] is not enough; a statute is divisible . . . only if at least one of the categories . . . constitutes, by its elements, [an aggravated felony]"). For the first prong, the focus is on the statute's elements, not the facts of the crime. Then, the inquiry is whether the statute has listed "multiple, alternative elements, . . . effectively creat[ing] 'several different . . . crimes.'" Descamps, 133 S. Ct. at 2285 (quoting Nijhawan v. Holder, 557 U.S. 29, 41 (2009)). The Supreme Court has emphasized that a statute setting forth merely alternative means of committing an offense will not satisfy this requirement. Mathis v. United States, 136 S. Ct. 2243, 2255 (2016). This is because a federal penalty may be imposed based only on what a jury necessarily found or what a defendant necessarily pleaded

guilty to, and the means of commission is not necessary to support a conviction.  Id.

If a statute is divisible, then the modified categorical approach is appropriate.  This approach permits courts to "examine a limited class of documents," known as Shepard documents,[1] "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." Descamps, 133 S. Ct. at 2284.  It is then possible to compare the particular elements of the conviction, rather than the elements of the statute as a whole, to the federal generic definition.

The Supreme Court has "underscored the narrow scope of" the modified categorical approach.  Id.  It is "to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense."  Id. at 2285.  The Court has made clear that review under this approach "does not authorize a sentencing court to substitute [] a facts-based inquiry for an elements-based one.  A court may use the modified

---

[1] Shepard documents "includ[e] charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms."  Johnson v. United States, 559 U.S. 133, 144 (2010); see also Shepard, 544 U.S. at 26 (listing documents that a reviewing court may consider).  And in this Circuit, courts may also consider applications for statements of charges and statements of probable cause, so long as the statements are expressly incorporated into the statement of charges itself. United States v. Donnell, 661 F.3d 890, 894-96 (4th Cir. 2011).

11

approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." Id. at 2293. Once a court has made this determination, it can compare that part of the statute to the generic federal offense using the traditional categorical approach, which remains centered on elements, not facts. Id. at 2285 (stating that the modified categorical approach "preserves the categorical approach's basic method"). And where an element of the conviction is defined to include multiple alternative means, courts must consider all of those means; an element is not further divisible into its component parts. See id. at 2291; see also Mathis, 136 S. Ct. at 2255-57.

To begin this analysis, we must determine whether § 3-307 is a divisible statute. We agree with the BIA that it is. We recently held in United States v. Alfaro, 835 F.3d 470, 473 (4th Cir. 2016), that § 3-307 lists alternative sets of elements that create multiple versions of the crime of third-degree sexual offense. Alfaro thus confirms that § 3-307 meets the first prong of the divisibility inquiry. Alfaro does not, however, resolve the second prong of the divisibility test, which is whether any set of elements in § 3-307 constitutes "sexual abuse of a minor."

In Alfaro, we held that § 3-307 is divisible, but we were comparing § 3-307 to "crime of violence" under the Sentencing

12

Guidelines. Id. Here, we must determine whether any set of elements in § 3-307 constitutes an "aggravated felony" under the INA--a question not answered by Alfaro. We emphasize the point that a statute might be divisible as compared to one federal statute and not divisible as compared to another. Whether any set of elements meets the generic federal definition will vary depending on the generic federal definition at issue. The second prong of the divisibility inquiry sometimes merits less discussion, see id., but it is an important--and required--step in the analysis.[2] Here, at least one set of elements in § 3-307 must qualify as "sexual abuse of a minor" in order for the statute to be divisible.

We find that at least the set of elements in § 3-307(a)(5) constitutes "sexual abuse of a minor" under the INA. Section 3-307(a)(5) prohibits "engag[ing] in vaginal intercourse with another if the victim is 14 or 15 years old, and the person performing the act is at least 21 years old." This clearly constitutes "sexual abuse of a minor" under any conceivable

---

[2] Indeed, had the petitioner here recognized that Alfaro only answered the first prong of the divisibility inquiry, he might not have conceded at oral argument that Alfaro conclusively establishes that § 3-307 is a divisible statute in this case.

federal generic definition.[3]  Because at least one set of elements matches the generic federal offense, the second prong of the divisibility inquiry is satisfied.  Section 3-307 is thus a divisible statute for purposes of its comparison with INA § 1101(a)(43)(A), and we may use the modified categorical approach to determine which statutory elements formed the basis of Larios-Reyes's conviction and whether those elements match the federal generic definition.

The Shepard documents show that Larios-Reyes was convicted under the elements listed in § 3-307(a)(3), "sexual contact with another if the victim is under the age of 14 years, and the person performing the sexual contact is at least 4 years older than the victim."  The factual basis for Larios-Reyes's plea details one instance in which Larios-Reyes asked the victim to touch his erect penis, which she did for 2-3 minutes, and two instances in which Larios-Reyes asked the victim to perform fellatio on him, which she did for 2-3 seconds each time.  A.R. 767-68.  Fellatio is specifically categorized as a "sexual act" under Maryland law.  See Md. Code Ann., Crim. Law § 3-301(d)(1).  Fellatio could also qualify as "sexual contact," which Maryland defines as "an intentional touching of the victim's or actor's

_____

[3] And it certainly matches the definition that we proceed to adopt here in Section II.C.

14

genital, anal, or other intimate area for sexual arousal or gratification, or for the abuse of either party." Id. § 3-301(e)(1); see Partain v. State, 492 A.2d 669, 672-73 (Md. Ct. Spec. App. 1985) (holding that cunnilingus constitutes both "sexual act" and "sexual contact"). The Shepard documents thus reveal that an element of Larios-Reyes's conviction was either "sexual act" or "sexual contact." The Shepard documents also establish the age elements of the offense. Larios-Reyes was eighteen years old, and the victim was four years old. Therefore, Larios-Reyes necessarily pleaded guilty to all of § 3-307(a)(3)'s elements,[4] and we affirm the BIA's finding that Larios-Reyes was convicted under § 3-307(a)(3).

B.

Having established that § 3-307 is a divisible statute and that Larios-Reyes was convicted under § 3-307(a)(3), we now turn

---

[4] The Shepard documents eliminate § 3-307(a)(4) and (a)(5) as the basis for the conviction because they both require that the victim be "14 or 15 years old" and that "the person performing the sexual act [be] at least 21 years old." Neither element is satisfied here, because at the time of the offense, the victim was four years old and Larios-Reyes was eighteen years old. The Shepard documents also reveal that Larios-Reyes was not convicted under § 3-307(a)(1) or (a)(2). The documents do not indicate that Larios-Reyes engaged in sexual contact with the victim under any of the aggravating circumstances listed in § 3-307(a)(1). Nor do the documents contain any evidence that the victim was "a substantially cognitively impaired individual, a mentally incapacitated individual, or a physically helpless individual," as required by § 3-307(a)(2). Therefore, there is no factual basis to support the conclusion that Larios-Reyes was necessarily convicted under any of these subsections.

15

to whether § 3-307(a)(3)'s elements categorically match the elements of the generic federal definition of "sexual abuse of a minor." A threshold question that we must answer before we can compare these statutes is how to define "sexual abuse of a minor." The INA does not define it, and this Court has not done so in a published opinion interpreting the INA. Therefore, we must consider the BIA's interpretation of this generic federal offense, because under Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842–43 (1984), we are required to defer to the BIA's precedential interpretation of a "silent or ambiguous" statute so long as that interpretation is not "arbitrary, capricious, or manifestly contrary to the statute," id. at 844.

Although the BIA's decision here is not precedential because it is unpublished and was issued by a single Board member, it relied on a precedential BIA decision, Esquivel-Quintana. We therefore must determine whether that decision warrants deference. See Hernandez v. Holder, 783 F.3d 189, 192 (4th Cir. 2015).

The BIA in Esquivel-Quintana considered whether the California offense of "unlawful intercourse with a minor" categorically constitutes "sexual abuse of a minor" under the INA. 26 I. & N. Dec. 469. In concluding that it was a categorical match, the BIA did not adopt a definition of the

16

federal offense to which we might defer here. Instead, it relied on the interpretive framework set forth in In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 996 (B.I.A. 1999). Esquivel-Quintana, 26 I. & N. Dec. at 470-71. We therefore must consider that framework.

In Rodriguez-Rodriguez, the BIA looked to 18 U.S.C. § 3509(a)(8)--a statute that provides procedural protections for child victims and witnesses and that lists crimes constituting "sexual abuse"--and determined that it might serve "as a guide in identifying the types of crimes [the BIA] would consider to be sexual abuse of a minor."[5] Rodriguez-Rodriguez, 22 I. & N. Dec. at 996. The BIA expressly stated that it was "not adopting [that] statute as a definitive standard or definition" for purposes of § 1101(a)(43)(A) of the INA. Id. For that reason, we held in Amos v. Lynch that there was no statutory interpretation to which to defer under Chevron and that 18 U.S.C. § 3509(a)(8) might provide guidance but was not the "interpretive touchstone" for determining whether a state

---

[5] Under 18 U.S.C. § 3509(a)(8), "the term 'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."

17

conviction qualifies as a removable offense.[6]  790 F.3d at 519-20.  We also pointed out that because § 3509(a)(8) "includ[es] 'a broad range of maltreatment of a sexual nature,'" it "does not clarify the scope of the generic federal crime" of "sexual abuse of a minor."  Id. at 522 (quoting Rodriguez-Rodriguez, 22 I. & N. Dec. at 996).  Accordingly, we cast serious doubt on the usefulness of Rodriguez-Rodriguez's interpretive approach.

In Esquivel-Quintana, the BIA relied on Rodriguez-Rodriguez to support its conclusion and did not adopt a definition of the generic federal offense of "sexual abuse of a minor."  Esquivel-Quintana, 26 I. & N. Dec. at 470-71.  Therefore, we need not

_____

[6] The Ninth and Tenth Circuits have similarly declined to give Chevron deference to Rodriguez-Rodriguez.  Rangel-Perez v. Lynch, 816 F.3d 591, 598-99 (10th Cir. 2016) (citing Amos and agreeing that "Rodriguez-Rodriguez . . . did not establish 18 U.S.C. § 3509(a) as the exclusive touchstone for defining the elements of the INA's 'sexual abuse of a minor' category of 'aggravated' felonies"); Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1157 (9th Cir. 2008) (en banc), overruled on other grounds by United States v. Aguila–Montes de Oca, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam), abrogated by Descamps, 133 S. Ct. 2276 ("Chevron deference does not apply in these circumstances because Rodriguez-Rodriguez did not interpret a statute within the meaning of Chevron, but only provided a 'guide' for later interpretation.").

We acknowledge that three of our sister circuits have held that Rodriguez-Rodriguez adopted § 3509(a) as the definition of "sexual abuse of a minor" under the INA.  See Velasco-Giron v. Holder, 773 F.3d 774, 776 (7th Cir. 2014), cert. denied sub nom. Velasco-Giron v. Lynch, 135 S. Ct. 2072 (2015); Restrepo v. Attorney Gen., 617 F.3d 787, 792, 795–96 (3d Cir. 2010); Mugalli v. Ashcroft, 258 F.3d 52, 58–59 (2d Cir. 2001).  But as we stated in Amos, we respectfully disagree with these circuits' decisions.  790 F.3d at 519.

18

give Chevron deference to Esquivel-Quintana for the same reason we declined to give it to Rodriguez-Rodriguez: the BIA did not adopt a federal generic definition of "sexual abuse of a minor." Indeed, the Sixth Circuit confirmed that the BIA's approach is "to interpret ['sexual abuse of a minor'] through case-by-case adjudication." Esquivel-Quintana, 810 F.3d at 1026.

In sum, the BIA here issued a nonprecedential decision to which we need not defer. The BIA did rely on a precedential decision, Esquivel-Quintana, that might guide our review, but we already held in Amos that this approach is not due any Chevron deference. Therefore, we are not required to give Chevron deference to either the BIA's opinion here or to Esquivel-Quintana.[7]

We are thus left to consider the BIA's determination that § 3-307(a)(3) constitutes "sexual abuse of a minor" under the INA using the principles outlined in Skidmore v. Swift & Co., 323 U.S. 134 (1944). Under the Skidmore framework, which prescribes a more modest amount of deference, "we may defer to

---

[7] The BIA's other findings in Esquivel-Quintana are entitled to Chevron deference, but they do not concern the issue here. These include that (1) the generic federal offense of "sexual abuse of a minor" requires a meaningful age difference between the victim and the perpetrator, and (2) California Penal Code § 261.5(c) categorically constitutes "sexual abuse of a minor" under § 1101(a)(43)(A) of the INA. Esquivel-Quintana, 26 I. & N. Dec. at 477.

19

the agency's opinion, based on the agency's 'body of experience and informed judgment,'" but "the degree of deference that we accord depends on our consideration of the persuasiveness of the BIA's analysis as demonstrated by its thoroughness, validity of reasoning, and consistency with other decisions." Amos, 790 F.3d at 521 (quoting Skidmore, 323 U.S. at 140).

We are not persuaded by the BIA's analysis. Before the BIA could answer the question whether a conviction under § 3-307(a)(3) constitutes the aggravated felony of "sexual abuse of a minor," it had to compare § 3-307(a)(3)'s elements to the elements of the federal offense. But here, the BIA did not establish the elements of the federal offense. In fact, it did not even explain what federal definition it was using. Instead, the BIA compared § 3-307(a)(3)'s elements to the elements of a California statute that was found to constitute "sexual abuse of a minor."

This approach is problematic for two reasons. First, the California statute was found to be a categorical match using the Rodriguez-Rodriguez framework, which we have held is neither due any deference nor is particularly useful as an interpretive tool. See Amos, 790 F.3d at 521-22. And second, the Supreme Court has made clear that the categorical approach requires a comparison of the elements of the state statute of conviction to the elements of the generic federal offense, see Moncrieffe, 133

20

S. Ct. at 1684, not to the elements of another state's statute of conviction. By attempting to fit § 3-307(a)(3) within the elements of a California statute, the BIA essentially used California law to determine whether a Maryland conviction constituted a removable offense under federal law.

Even if this type of statutory comparison was a reasonable way to determine whether § 3-307(a)(3) matches the generic federal definition of "sexual abuse of a minor," the BIA erred in its analysis. It failed to determine what conduct the California statute encompassed and whether that conduct was also proscribed by § 3-307(a)(3). Had the BIA done so, it might have seen its mistake.

The BIA concluded that because the "offense [in Esquivel-Quintana] with the elements of '(1) unlawful sexual intercourse (2) with a minor under 18 years old (3) who is more than 3 years younger than the perpetrator' categorically constitutes sexual abuse of a minor," then § 3-307(a)(3), which "include[s] a younger victim and a greater age difference than the corresponding elements in the statute at issue in Matter of Esquivel-Quintana," also constitutes "sexual abuse of a minor" under the INA. A.R. 4-5. The BIA held this "notwithstanding that the 'sexual contact' proscribed by [§ 3-307(a)(3)] may potentially be less egregious than the 'unlawful sexual intercourse'" in Esquivel-Quintana. Id. at 5. This is entirely

21

incorrect.  That § 3-307(a)(3) criminalizes "potentially . . . less egregious" conduct than the California statute in Esquivel-Quintana is precisely the reason that the California statute has no utility as a comparator--and in fact suggests that § 3-307(a)(3) is more likely not to constitute the generic federal offense.

Ultimately, we conclude that the BIA's decision on this question is not entitled to Skidmore deference.  While we recognize that the agency has a wealth of immigration expertise, we find that the BIA was neither thorough in its analysis, valid in its reasoning, nor consistent with precedent in the BIA or the Fourth Circuit.  See Amos, 790 F.3d at 521 (citing Skidmore, 323 U.S. at 140).  Accordingly, we proceed to consider this question of law de novo, without deferring to the BIA's determinations in this case.

C.

We begin by defining "sexual abuse of a minor."  We agree with the petitioner that this Court has already established a generic federal definition of "sexual abuse of a minor" in the sentencing context and that the definition is equally applicable here.  In United States v. Diaz-Ibarra, we defined "sexual abuse of a minor" for purposes of applying the Sentencing Guidelines. 522 F.3d 343 (4th Cir. 2008).  We looked to the Eleventh Circuit's reasoning in United States v. Padilla-Reyes, 247 F.3d

22

1158 (11th Cir. 2001), an immigration case, and we adopted that court's definition wholesale.  See Diaz-Ibarra, 522 F.3d at 351-52.

In Padilla-Reyes, the court looked to the common meaning of the phrase "sexual abuse of a minor."  247 F.3d at 1163-64.  It determined that it made more sense to consider the phrase's plain meaning than to cross-reference other federal statutes, because "where Congress intended an aggravated felony subsection to depend on federal statutory law it explicitly included the statutory cross-reference," and so "the lack of an explicit statutory reference in the § 1101(a)(43)(A) subsection indicates Congress's intent to rely on the plain meaning of the terms." Id. at 1164.

The Padilla-Reyes court explained that "[a]mong the relevant definitions for abuse, Webster's includes 'misuse[;] . . . to use or treat so as to injure, hurt, or damage[;] . . . to commit indecent assault on[;] . . . the act of violating sexually[;] . . . [and] rape or indecent assault not amounting to rape.'"  Id. at 1163.  And "for sexual, Webster's includes 'of or relating to the sphere of behavior associated with libidinal gratification.'"  Id.  The court concluded that "the word 'sexual' in the phrase 'sexual abuse of a minor' indicates that the perpetrator's intent in committing the abuse is to seek libidinal gratification," and that the common understanding of

23

"abuse" in this context is that it does not require physical contact.  Id.  The court therefore concluded that "the phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification."  Id.

Significantly, the Eleventh Circuit in Padilla-Reyes crafted the definition of "sexual abuse of a minor" in the immigration context--under § 1101(a)(43)(A) of the INA.  In Diaz-Ibarra, we held that the Padilla-Reyes definition also applies to "sexual abuse of a minor" under the Sentencing Guidelines.  522 F.3d at 351-52.  In doing so, we implied that the federal generic definition of "sexual abuse of a minor" is the same in the sentencing and immigration contexts.

This is further confirmed by the Commentary to the Sentencing Guidelines in effect at the time, which stated that "aggravated felony" under the Guidelines "has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43))."  U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.3(A) (U.S. Sentencing Comm'n 2007).[8]  Because the crime is the same under the Sentencing Guidelines and the INA, the definition of "sexual abuse of a

---

[8] The current Commentary to the Sentencing Guidelines retains this language.  See U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.3(A) (U.S. Sentencing Comm'n 2015).

24

minor" adopted by this Court in the sentencing context is also applicable in the immigration context.[9]  And this makes sense, because the utility of a "generic" definition is that it applies in different contexts.  To find otherwise would mean "sexual abuse of a minor" has multiple "generic" federal definitions, an outcome that ordinarily will contravene both the categorical approach's governing principles and common sense.

We now hold that the generic federal definition of "sexual abuse of a minor" set forth in Diaz-Ibarra is applicable to the INA.  Therefore, under the INA, "'sexual abuse of a minor' means the 'perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'"  Diaz-Ibarra, 522 F.3d at 352 (quoting Padilla-Reyes, 247 F.3d at 1163).  And because we now have a definition of the federal generic offense, we can determine whether a

_____

[9] The Fifth Circuit has made a similar observation in an unpublished opinion.  See Ramos-Garcia v. Holder, 483 F. App'x 926, 929 n.14 (5th Cir. 2012) (acknowledging that "[m]ost of the cases discussing the definition of 'sexual abuse of a minor' under § 1101(a)(43) do so in a sentencing rather than an immigration context," but noting that it could find "no reason . . . why those cases are not applicable [to the INA] for purposes of determining the generic meaning of 'sexual abuse of a minor' under the same statutory provision").  And in two unpublished opinions, we have applied the Diaz-Ibarra definition to "sexual abuse of a minor" under the INA.  See Waffi v. Mukasey, 285 F. App'x 26, 27 (4th Cir. 2008) (using Diaz-Ibarra's definition of "sexual abuse of a minor" to determine whether the statute at issue categorically matched the offense under the INA); Alvarado v. Holder, 398 F. App'x 942, 943 (4th Cir. 2010) (same).

conviction under § 3-307(a)(3) categorically qualifies as that federal offense.

We reiterate that at this step in the analysis, our task is to compare statutory elements only. We do not consider whether Larios-Reyes's actual conduct constitutes "sexual abuse of a minor"; we ask only whether § 3-307(a)(3) matches the generic federal definition. Shepard documents serve the limited purpose of clarifying which element or set of elements create the basis for the conviction. They have no role to play in our subsequent comparison of that portion of the statute to the generic federal offense. Accordingly, we now turn to consider the scope of § 3-307(a)(3)'s elements.

Under Maryland law, "'sexual contact,' as used in [§] 3-307[(a)(3)] . . . , means an intentional touching of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification, or for the abuse of either party." Md. Code Ann., Crim. Law § 3-301(e)(1) (emphasis added). "Sexual contact" is defined in the disjunctive, meaning that there are multiple ways to accomplish it. Maryland courts have held that the State need not show that a defendant acted for the purpose of sexual gratification in order to be convicted, because acting for such a purpose is just one of the ways that a defendant's conduct might constitute "sexual

26

contact." See, e.g., Dillsworth v. State, 503 A.2d 734, 737 (Md. Ct. Spec. App. 1986), aff'd, 519 A.2d 1269 (Md. 1987) (rejecting defendant's argument that his conduct did not constitute "sexual contact" because there was no evidence that he acted for the purpose of "sexual arousal or gratification," and stating that "[t]o include the necessity to show sexual arousal or gratification as a requisite of 'abuse' would be to require an unnecessary redundancy--to use the words 'for abuse' in vain"). A showing that a defendant acted with the intent to abuse could also sustain a conviction.

The Maryland Court of Special Appeals has interpreted "abuse" in § 3-307 as not limited to "a physical attack intended to inflict sexual injury." LaPin v. State, 981 A.2d 34, 43 (Md. Ct. Spec. App. 2009). Rather, "a touching for the purpose of 'abuse' [under § 3-307] refers to a wrongful touching, a touching of another person's intimate area for a purpose that is harmful, injurious or offensive." Id. The Maryland Court of Appeals has further recognized that "the buttocks are an intimate area within the meaning of [§] 3-301[]," finding specifically that "[t]he touching of the buttocks is therefore proscribed by [§] 3-307(a)(3)." Bible v. State, 982 A.2d 348, 358 (Md. 2009). Hence, a conviction could be sustained under § 3-307(a)(3) based on an adult's intentional touching of a minor's buttocks for a "harmful, injurious or offensive"--but

27

not sexually gratifying--purpose. See Alfaro, 835 F.3d at 473 n.1 (recognizing this interpretation of "sexual contact" as used in § 3-307).

Under the federal generic definition of "sexual abuse of a minor," acting for the purpose of sexual gratification is an element of the offense. Indeed, in Alfaro, we emphasized that "sexual abuse of a minor" as defined in Diaz-Ibarra "is a 'broad' phrase 'capturing physical or nonphysical conduct,' and it is the sexual-gratification element that polices the line between lawful and unlawful conduct." Alfaro, 835 F.3d at 476 (quoting United States v. Perez-Perez, 737 F.3d 950, 953 (4th Cir. 2013)) (citation omitted). We went on, "[T]he intent to gratify sexual urges is central to the offense of sexual abuse of a minor . . . and therefore is part of the ordinary meaning of the phrase 'sexual abuse.'" Id. at 476-77.

In Maryland, a perpetrator need not act for the purpose of sexual gratification in order to be convicted under § 3-307(a)(3). Acting for the purpose of abuse is enough. And Maryland's appellate courts have interpreted "abuse" to include much more conduct than what the INA criminalizes. Because we are constrained by Maryland's interpretation of the scope of its own laws, see Castillo, 776 F.3d at 268, we find that § 3-307(a)(3) is broader than the federal generic offense of "sexual abuse of a minor." Accordingly, we hold that a conviction for

28

"Third Degree Sex Offense" under Maryland Criminal Law Article § 3-307(a)(3) does not constitute the aggravated felony of "sexual abuse of a minor" under § 1101(a)(43)(A) of the INA.

III.

The BIA erred as a matter of law in finding that Larios-Reyes's conviction under Maryland Criminal Law Article § 3-307 constitutes the aggravated felony of "sexual abuse of a minor" under the INA.  We therefore grant Larios-Reyes's petition for review, vacate the order of removal, and order his immediate release from DHS Custody.

<u>PETITION FOR REVIEW GRANTED</u>
<u>AND ORDER OF REMOVAL VACATED</u>