Affirmed by published opinion. Judge DAVIS wrote the opinion, in which Judge MOTZ and Judge GREGORY joined. Judge DAVIS also wrote a separate concurring opinion.
DAVIS, Circuit Judge:
The U.S. Sentencing Guidelines advise district courts to increase by twelve or sixteen the offense level for a defendant convicted of unlawfully entering or remaining in the United States if the defendant has a prior felony conviction for “a crime of violence.” U.S.S.G. § 2L1.2(b)(l)(A). “Sexual abuse of a minor” is listed as a qualifying crime of violence. U.S.S.G. § 2L1.2 cmt. n.l(B)(iii). The issue in this case is whether Carlos Perez-Perez’s prior North Carolina conviction for taking indecent liberties with a minor, N.C. Gen.Stat. § 14-202.1(a),[1] constitutes sexual abuse of a minor, and therefore a crime of violence within the meaning of the reentry Guideline. We are constrained by our precedent, United States v. Diaz-Ibarra, 522 F.3d 343 (4th Cir.2008), to hold that it does.
Having previously entered this country unlawfully, Perez-Perez, a Mexican citizen, who was then 24 years old, had sex with a 15-year old girl in 2001.[2] He was charged in North Carolina with statutory rape, N.C. GemStat. § 14-27.7A(a), but he pled *952 guilty to taking indecent liberties with a minor. Id. § 14-202.1. He was soon after deported to Mexico. Perez-Perez unlawfully reentered the United States and was convicted in federal district court in Texas of reentry by an alien after deportation following an aggravated felony conviction. He was again deported to Mexico in 2004.
After unlawfully entering the United States yet again, Perez-Perez pled guilty in federal district court in North Carolina to illegal reentry after deportation by an aggravated felon. 8 U.S.C. §§ 1326(a) and (b)(2). Over his objection, the district court concluded that Perez-Perez’s prior North Carolina conviction for taking indecent liberties with a minor constituted a crime of violence, and the court applied the concomitant sixteen-level enhancement, U.S.S.G. § 2L1.2(b)(l)(A), raising Perez-Perez’s sentencing range to forty-six to fifty-seven months from a range of one to seven months. The district court sentenced Perez-Perez to an imprisonment term of forty-six months. He filed a timely notice of appeal.
Perez-Perez raises a single challenge on appeal: He argues that the district court erred in finding that his prior North Carolina conviction for taking indecent liberties with a minor, N.C. GemStat. § 14-202.1(a), qualifies categorically as sexual abuse of a minor, and thus as a crime of violence within the meaning of the reentry Guideline.[3] U.S.S.G. § 2L1.2(b)(l)(A). Because his contention raises a question of law, we review the district court’s ruling de novo. Diaz-Ibarra, 522 F.3d at 347.
At base, the categorical approach requires that “we look only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a ‘crime of violence.’ ” Id. at 348. Application of this approach generally involves a four-step process. First, we identify which of the listed crimes in the Commentary to the Guideline (“the Guideline crime”) most closely approximates the pri- or state crime.[4] United States v. Cabrera-Umanzor, 728 F.3d 347, 352 (4th Cir.2013). Second, we identify the “generic definition” of the Guideline crime. United States v. Bonilla, 687 F.3d 188, 192 (4th Cir.2012). Third, we compare the elements of the prior state crime to those in the generic definition of the Guideline crime. Id. If the elements of the prior state crime “correspond in substance” to those of the Guideline crime, then the pri- or state crime is a crime of violence and our inquiry comes to an end. Cabrera-Umanzor, 728 F.3d at 350 (citations and modifications omitted). If, however, the elements do not correspond in substance, then we proceed to the fourth step, which involves an assessment of whether the *953 scope of conduct criminalized by the prior state crime is categorically overbroad when compared to the generic definition of the Guideline crime. United States v. Rangel-Castaneda, 709 F.3d 373, 377-79 (4th Cir.2013) (citation omitted). A prior state offense whose elements criminalize a broader scope of conduct than the Guideline crime is not categorically a crime of violence.
The paradigmatic exemplar of this structured approach that proceeded through to step four is Rangel-Castaneda, in which we held that a Tennessee statutory rape law that made the age of consent eighteen was categorically broader than the generic definitions of statutory rape, forcible sex offense, and sexual abuse of a minor. Id. at 378-81. Accordingly, the defendant’s federal sentence for unlawful reentry could not be increased by sixteen offense levels under U.S.S.G. § 2L1.2(b)(l)(A) on the basis of his prior conviction under the Tennessee law. Id. at 381.
Applying the above analytical framework to the case at hand, we conclude that Perez-Perez’s conviction for taking indecent liberties with a minor qualifies categorically, at step three of the above framework, as sexual abuse of a minor, and therefore as a crime of violence within the meaning of the reentry Guideline. The listed Guideline crime that most closely approximates the North Carolina crime of taking indecent liberties with a minor is “sexual abuse of a minor,” a term that we have previously construed to mean a “perpetrator’s physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.” Diaz-Ibarra, 522 F.3d at 352 (quotations and citation omitted). Although the North Carolina statute appears to encompass two distinct categories of conduct, it has been construed by North Carolina courts as one crime having five elements:
(1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.
State v. Coleman, 200 N.C.App. 696, 684 5.E.2d 513, 519 (2009).[5]
Comparing our generic definition of sexual abuse of a minor with the elements of the North Carolina indecent liberties crime reveals both that the elements of the latter correspond in substance with our definition, and that each offense therefore contemplates criminalization of the same conduct: both target conduct directed towards minors, both require a mental element focused on sexual gratification, and both cast a broad net in capturing physical or nonphysical conduct. Specifically, we are unable to say that the statutory element of “willfully tfaking] or attempting] to take an indecent liberty” exceeds the scope of what we have required: “misuse or maltreatment” of a minor.[6]
*954 Perez-Perez makes two arguments in contending that his conviction does not constitute sexual abuse of a minor. First, he argues that the North Carolina crime is broader than Diaz-Ibarra’s definition of sexual abuse of a minor because the statute “does not require that the victim even be aware of the perpetrator’s presence, much less that the act occur within the physical presence of the child.” App. Br. 14. Second, he argues that our decision in United States v. Vann, 660 F.3d 771 (4th Cir.2011) (en banc) (per curiam), establishes that his conviction for taking indecent liberties with a minor is not “a crime of violence.” These contentions are unpersuasive.
Perez-Perez’s first argument, that the legal sufficiency of constructive presence under the North Carolina statute renders it broader than sexual abuse of a minor, State v. Every, 157 N.C.App. 200, 578 5.E.2d 642, 647 (2003), is unavailing because it elides the extraordinary breadth of our definition of the Guideline crime. In Diaz-Ibarra, we agreed with the Eleventh Circuit that a perpetrator can engage in conduct that constitutes sexual abuse when he is “in the actual or constructive presence” of the minor. 522 F.3d at 351 n. 6. Thus, with respect to the elements of a perpetrator’s presence (or, what is closely related thereto, a victim’s awareness or knowledge of his presence), our definition of the Guideline crime and the elements of the North Carolina indecent liberties offense are effectively coterminous in that neither requires the defendant’s actual presence or the victim’s awareness or knowledge of the defendant’s presence.
Perez-Perez’s second argument, that Vann militates in favor of concluding that taking an indecent liberty with a minor is not a “crime of violence,” ultimately fails because accepting it would require us to set aside our precedent in Diaz-Ibarra, which we cannot do. See McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) (recognizing “the basic principle that one panel cannot overrule a decision issued by another panel”). It is true that in Vann we held, proceeding on an assumption that the modified categorical approach applied, that the Government had failed to prove that the specific defendant’s North Carolina conviction for taking indecent liberties with a minor was a “violent felony” within the meaning of the Armed Career Criminal Act.[7] 660 F.3d at 776. But Vann does not dictate reversal in this case, as the per curiam opinion of the en banc court did not purport to disturb Diaz-Ibarra’s prior definition of the generic crime of “sexual abuse of a minor.” [8] Moreover, unlike the reentry Guideline, the Armed Career Criminal Act *955 has no list of enumerated crimes and contains only the “residual” and “force” clauses, neither of which expressly contemplate sexual offenses involving minors. Given these distinguishing characteristics, we are constrained to agree with the Government that Vann does not control, and that there is no interpretation of the North Carolina indecent liberties statute that does not fit within Diaz-Ibarra’s extraordinarily broad generic definition of “sexual abuse of a minor.”
In short, Diaz-Ibarra mandates the result here. It would be difficult, if not impossible, to conceptualize a situation in which a perpetrator “willfully” took or attempted to take an “immoral, improper, or indecent liberty” with a minor that did not involve his “physical or nonphysical misuse or maltreatment of [that] minor for a purpose associated with sexual gratification”. Even if we could come up with such a casé, it would likely run counter to the Supreme Court’s admonishment that the categorical analysis “requires more than the application of legal imagination to a state statute’s language.” Gonzales v. Duenas-Alvarez, 549 U.S. 183, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007) (regarding the Immigration and Nationality Act). We are tasked instead with assessing whether there is “a realistic probability, not a theoretical possibility, that [North Carolina] would apply its statute to conduct that falls outside the generic definition of a crime.” Id. Accordingly, we hold that a conviction for taking indecent liberties with a minor qualifies categorically as sexual abuse of a minor under Diaz-Ibarra and is therefore a crime of violence within the meaning of the reentry Guideline and its Commentary. U.S.S.G. § 2L1.2 cmt. n.l(B)(iii). The judgment is

AFFIRMED.

. The text of the Indecent Liberties Statute provides, in pertinent part, as follows:
(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
N.C. Gen.Stat. § 14-202.1(a).

. Our brief summary of the facts surrounding Perez-Perez’s indecent liberties conviction relies on the bare contents of the Pre-Sentence Report prepared by a United States Probation Officer: “Investigation of this conviction revealed that the defendant had sexual intercourse with a 15-year old female when he was 24 years of age. Therefore, this conviction involves the sexual abuse of a minor and the 16-level enhancement was appropriately applied.” J.A. 68.

. The parties have proceeded on the assumption that the district court applied the categorical approach rather than the modified categorical approach in its assessment of Perez-Perez's indecent liberties conviction. See generally Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013). As the Government supplied the district court with no Shepard-approved documents, see Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), we also assume that, necessarily, the district court applied a categorical approach. Descamps, 133 S.Ct. at 2284-85.

. If none of the listed Guideline crimes are suitable for comparison, then we assess whether the prior state crime is captured by the "use of force” clause, which sweeps within its ambit “any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2 cmt. n.l(B)(iii). The use of force clause is not at issue in this case.

. Judge King recognized this five-point constellation of elements of the North Carolina indecent liberties statute in United States v. Vann, 660 F.3d 771, 782-83 (4th Cir.2011) (King, J., concurring), as did the Ninth Circuit in United States v. Baza-Martinez, 464 F.3d 1010, 1016 (9th Cir.2006). See also Vann, 660 F.3d at 791-93 (Davis, J., concurring).

. The first subsection of the North Carolina statute targets "immoral, improper, or indecent liberties,” N.C. Gen.Stat. § 14-202.1(a)(1), while the second targets "lewd and lascivious act[s]” with the body of a minor, id. § 14-202.1(a)(2); both types of conduct can be construed as "physical or nonphysical misuse or mistreatment” of a minor.

. In his concurring opinion in Vann, Judge King, joined by all three members of the present panel, concluded not only that application of the modified categorical approach was improper, but also that a North Carolina conviction of taking an indecent liberty with a minor is not categorically a violent felony within the meaning of the Armed Career Criminal Act. Vann, 660 F.3d at 782 (King, J., concurring). We acknowledge that at least eight members of the en banc court in Vann expressed the view that the effect of convictions under the North Carolina indecent liberties statute properly could be assessed under the modified categorical approach. See Vann, 660 F.3d at 798 (Keenan, J., concurring, joined by Traxler, C J., and Agee, Wynn, and Diaz, JJ.); id. at 801 (Wilkinson, J., concurring); id. at 807 (Niemeyer, J., joined by Shedd, J., concurring in part and dissenting in part). Whether, in light of the Supreme Court's intervening decision in Descamps v. United States, - U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the views of those judges might today be altered is a subject about which we need not and do not speculate.

. Notably, in an alternative holding, the opinion in Diaz-Ibarra indicates that it would have reached the same holding by application of the modified categorical approach. See 522 F.3d at 353 n. 7. But see supra n. 7.