DUNCAN, Circuit Judge, concurring:
 

 I concur in the majority opinion because I agree that the district court plainly erred in concluding that AWDWOGO is categorically a crime of violence and accordingly that the proper disposition of this case is to vacate the district court's judgment and remand for further proceedings. I believe our precedent compels such a conclusion with respect to AWDWOGO under either U.S.S.G. § 4B1.2(a) 's enumerated offense clause or use-of-force clause, no matter how counter-intuitive it may seem. Although this is a difficult case, I ultimately conclude that the majority is correct and write separately to explain why.
 

 Beginning with the enumerated offense clause, the majority opinion correctly explains that we first identify which of the listed crimes in the enumerated offense clause "most closely approximates the prior state crime"--here, aggravated assault.
 
 United States v. Perez-Perez
 
 ,
 
 737 F.3d 950
 
 , 952 (4th Cir. 2013). We then apply the categorical approach, comparing the elements of the generic offense of aggravated assault to the state offense, AWDWOGO, to determine whether the state offense criminalizes more conduct.
 

 Id.
 

 Because the
 Guidelines do not define aggravated assault, we look to the states to determine its generic definition. As we have concluded, the generic offense of aggravated assault requires a mens rea that is greater than recklessness.
 
 See
 

 United States v. Barcenas-Yanez
 
 ,
 
 826 F.3d 752
 
 , 756 (4th Cir. 2016) ;
 
 United States v. Garcia-Jimenez
 
 ,
 
 807 F.3d 1079
 
 , 1086 & n.7 (9th Cir. 2015) (surveying state statutes and finding that seventeen states and the Model Penal Code do not punish aggravated assault committed with a mens rea of extreme indifference recklessness or less).
 

 The AWDWOGO statute does not specify a mens rea requirement.
 
 See
 

 N.C. Gen. Stat. § 14-34.2
 
 . However, we and North Carolina courts have held that assault in North Carolina, which is a necessary element of AWDWOGO, is satisfied where the defendant acts with a mens rea of culpable or criminal negligence.
 
 See
 

 United States v. Vinson
 
 ,
 
 805 F.3d 120
 
 , 126 (4th Cir. 2015) (explaining that North Carolina law permits convictions for assault with proof of culpable negligence). North Carolina courts have explained that while assault requires intent as an element, such intent may be
 
 implied
 
 from culpable or criminal negligence.
 
 State v. Spellman
 
 ,
 
 167 N.C.App. 374
 
 ,
 
 605 S.E.2d 696
 
 , 703 (2004). Thus, so long as there is sufficient evidence to convict a defendant of acting with culpable negligence, North Carolina courts have found that this may constitute sufficient evidence of assault under this statute. By so holding, North Carolina effectively collapses culpable or criminal negligence with intent for the purposes of assault. In North Carolina, a defendant acts with culpable negligence when he evinces "thoughtless disregard of consequences or a heedless indifference to the safety and rights of others."
 
 State v. Jones
 
 ,
 
 353 N.C. 159
 
 ,
 
 538 S.E.2d 917
 
 , 923 (2000) (internal quotation marks omitted).
 

 Comparing the mens rea requirements of the generic definition of aggravated assault with those of AWDWOGO, we have held that North Carolina culpable negligence, defined as "thoughtless disregard," is a less demanding standard and therefore not a categorical match with recklessness under the Model Penal Code, which is defined as "conscious disregard."
 
 See
 

 United States v. Peterson
 
 ,
 
 629 F.3d 432
 
 , 437 (4th Cir. 2011). It therefore seems to follow that North Carolina AWDWOGO criminalizes a broader scope of conduct than § 4B1.2(a) 's enumerated offense clause.
 

 The government's argument to the contrary--that there is no realistic probability that North Carolina would apply the offense to conduct that is not committed recklessly--is unavailing. The realistic probability requirement is satisfied here because North Carolina courts have held that a necessary element of AWDWOGO, assault, can be committed with a mens rea that sweeps more broadly than that required under the generic definition.
 
 See
 

 United States v. Covington
 
 ,
 
 880 F.3d 129
 
 , 135 (4th Cir. 2018) (explaining that the realistic probability requirement can be satisfied by pointing to the statutory text or to actual cases). In
 
 United States v. Carthorne
 
 ,
 
 726 F.3d 503
 
 , 511 (4th Cir. 2013), we held that Virginia assault and battery on a police officer ("ABPO") was not a crime of violence under § 4B1.2(a)(2) 's residual clause. This is because common law assault and battery, which was a necessary element of Virginia ABPO, could be satisfied by the slightest touching, which is less than the level of force required under the residual clause--"a serious potential risk of injury to another."
 
 Carthorne
 
 ,
 
 726 F.3d at 514
 
 . In so holding, we did not discuss any specific cases in which a defendant had been punished under ABPO while engaging in such conduct, emphasizing instead that the "key to the categorical approach is elements,
 not facts."
 

 Id.
 

 (internal quotation marks omitted). The principles underlying
 
 Carthorne
 
 apply here: even though Simmons has not pointed to a specific case in which a defendant was punished for AWDWOGO with a mens rea of culpable negligence, it suffices that we and North Carolina courts have unambiguously held that a necessary element of AWDWOGO, assault, sweeps more broadly than § 4B1.2.
 

 Moreover, one can readily conceive of cases in which a defendant could be convicted of AWDWOGO where the defendant acts with a mens rea of culpable negligence. For instance, a defendant could hit a police officer with his truck, as was the case in
 
 State v. Spellman
 
 ,
 
 167 N.C.App. 374
 
 ,
 
 605 S.E.2d 696
 
 (2004), and so long as he operated the truck with thoughtless disregard, his intent--as required for an assault conviction--could be implied.
 
 See
 

 id.
 

 at 703
 
 ("Intent may be
 
 implied
 
 from
 
 culpable or criminal negligence
 
 ... if the injury or apprehension thereof is the direct result of intentional acts done under circumstances showing a reckless disregard for the safety of others and a willingness to inflict injury.") (emphasis added).
 

 For the reasons set forth above, I am compelled to agree with the majority that AWDWOGO is not categorically a crime of violence under either the enumerated offense clause or the use-of-force clause. Our precedent seems, to me, to lead inexorably to that result.