**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 18-1809**

───────────

OMAR JEHU THOMPSON,

       Petitioner,

   v.

WILLIAM P. BARR, Attorney General,

       Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Argued: March 19, 2019                        Decided: April 26, 2019

───────────

Before WILKINSON, KEENAN, and RICHARDSON, Circuit Judges.

───────────

Petition denied by published opinion. Judge Wilkinson wrote the opinion, in which Judge Keenan and Judge Richardson joined.

───────────

**ARGUED:** Mark Alastair Stevens, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Walter Bocchini, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Joseph H. Hunt, Assistant Attorney General, Linda S. Wernery, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

WILKINSON, Circuit Judge:

The Department of Homeland Security (DHS) instituted removal proceedings against Omar Thompson in 2016, asserting that he had committed aggravated felonies and could therefore be deported under the Immigration and Nationality Act (INA). The Board of Immigration Appeals (BIA) agreed. Thompson brought this petition, contending that his convictions for taking custodial indecent liberties with a child under Virginia Code § 18.2-370.1(A) do not qualify as aggravated felonies. For the following reasons, we deny the petition and affirm the BIA's decision.

## I.

In 2014, petitioner Omar Thompson pled guilty to two counts of taking custodial indecent liberties with a child, a crime under Virginia law, *see* Va. Code § 18.2-370.1(A). The INA lists "sexual abuse of a minor" as an aggravated felony, 8 U.S.C. § 1101(a)(43)(A) (2012), and further provides that "[a]ny alien who is convicted of an aggravated felony" is deportable, § 1227(a)(2)(A)(iii). DHS argued that the offense of taking custodial indecent liberties under Virginia law constituted sexual abuse of a minor under the INA. If that is correct, it follows ineluctably that the offense is an aggravated felony within the meaning of the INA, and therefore that offenders such as Thompson are deportable. The BIA so concluded. On appeal, we review only this conclusion of law.

In assessing whether an offense qualifies as an aggravated felony under the INA, we apply the categorical approach. *See*, *e.g.*, *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007) (applying to the INA the categorical approach from *Taylor v. United States*, 495 U.S. 575 (1990)). Under the categorical approach, the first step is identifying which

2

crime listed in the INA is closest to the state crime at issue. *See United States v. Perez-Perez*, 737 F.3d 950, 952-53 (4th Cir. 2013). Here, all agree that "sexual abuse of a minor" is closest to the Virginia offense of taking custodial indecent liberties. The second step involves discerning the generic definition of the listed crime. That task has been done for us by prior case law: "under the INA, 'sexual abuse of a minor' means the 'perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'" *Larios-Reyes v. Lynch*, 843 F.3d 146, 159 (4th Cir. 2016) (quoting *United States v. Diaz-Ibarra*, 522 F.3d 343, 352 (4th Cir. 2008)).

Next, and at issue here, a court must compare the elements of the generic federal definition with those of the relevant state law. The comparison called for by the categorical approach is formal and somewhat abstract. Our task is to gauge what conduct might plausibly support a conviction under state law but still lie outside the federal generic definition. In this task, we consider the least culpable conduct the state statute sweeps in. *E.g.*, *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). Though this comparison is a pure question of law, it is not a mere "application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). To find a crime not categorically an aggravated felony, a court must identify "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* And, of course, if we find that the

state law as a realistic matter sweeps more broadly than the federal generic offense, removal under 8 U.S.C. § 1227(a)(2)(A)(iii) cannot proceed.[1]

## II.

Petitioner contends that such a mismatch occurred here. Specifically, he argues that the least culpable conduct rendered criminal under his statute of conviction fails to qualify as "sexual abuse of a minor" under the INA. The Virginia statute at issue reads as follows:

> Any person 18 years of age or older who . . . maintains a custodial or supervisory relationship over a child under the age of 18 . . . who, with lascivious intent, knowingly and intentionally
> (i) proposes that any such child feel or fondle the sexual or genital parts of such person or that such person feel or handle the sexual or genital parts of the child; or
> (ii) proposes to such child the performance of an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus or any act constituting an offense under § 18.2-361; or
> (iii) exposes his or her sexual or genital parts to such child; or
> (iv) proposes that any such child expose his or her sexual or genital parts to such person; or
> (v) proposes to the child that the child engage in sexual intercourse, sodomy or fondling of sexual or genital parts with another person; or
> (vi) sexually abuses the child as defined in subdivision 6 of § 18.2-67.10 is guilty of a Class 6 felony.[2] Va. Code § 18.2-370.1(A).

This law corresponds in substance to the generic offense of sexual abuse of a minor, which is, to repeat, the "physical or nonphysical misuse or maltreatment of a minor for a

---

[1] By contrast, those convicted of an aggravated felony are ineligible for discretionary relief from removal. *See* 8 U.S.C. §§ 1229b(a)(3), (b)(1)(C); *Moncrieffe v. Holder*, 569 U.S. 184, 187 (2013) ("The INA also prohibits the Attorney General from granting discretionary relief from removal to an aggravated felon, no matter how compelling his case.").

[2] Section 18.2-67.10(6), in turn, targets touching, or forcing the victim to touch, "intimate parts or material directly covering such intimate parts."

purpose associated with sexual gratification." *Larios-Reyes v. Lynch*, 843 F.3d 146, 159 (4th Cir. 2016) (internal quotation marks omitted).

To arrive at this conclusion, we need not draw on a blank slate. Our decision in *United States v. Perez-Perez*, 737 F.3d 950 (4th Cir. 2013) explained the three salient characteristics of the generic offense of sexual abuse of a minor. First, the offense "target[s] conduct directed towards minors." *Id.* at 953. Second, the offense "require[s] a mental element focused on sexual gratification." *Id.* The second characteristic bears emphasizing, since "it is the sexual-gratification element that polices the line between lawful and unlawful conduct." *United States v. Alfaro*, 835 F.3d 470, 476 (4th Cir. 2016). Third, the offense requires "physical or nonphysical misuse or maltreatment," an element which "cast[s] a broad net." *Perez-Perez*, 737 F.3d at 953.

The Virginia custodial indecent liberties statute displays these three characteristics. The convictions under the Virginia law involve "conduct oriented toward minors," since the victim must be "a child under the age of 18." All convictions "require a mental element focused on sexual gratification" because the government must prove "lascivious intent." *See McKeon v. Commonwealth*, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970) ("[T]he word 'lascivious' describes a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite."). Finally, like the generic offense, Virginia's law requires physical or nonphysical maltreatment. The prohibition on actual touching in section vi covers physical maltreatment. Exposure (section iii) and various indecent propositions (sections i, ii, iv, and v) cover nonphysical

5

maltreatment. The straightforward conclusion from this comparison is that custodial indecent liberties under Virginia law constitutes sexual abuse of a minor.

Petitioner summons a surfeit of arguments against this conclusion, but all miss the mark. He objects that Virginia's law forbids mere propositions and permits convictions even where the victim has consented or is not present or is unaware of the abuse. The generic offense, he contends, differs on these points. That simply is incorrect. The generic offense of sexual abuse of a minor is not limited to the proscription of physical contact, nor is it confined to cases where the victim can demonstrate some palpable harm. *See United States v. Diaz-Ibarra*, 522 F.3d 343, 350 (4th Cir. 2008) ("[N]o physical or psychological injury is required for the abuse to be complete. . . . '[S]exual abuse' is an intent-centered phrase; the misuse of the child for sexual purposes completes the abusive act."). Because the Virginia custodial indecent liberties statute meets the three characteristics our precedent requires, it is a categorical match to sexual abuse of a minor.

Indeed, precedent amply reinforces this conclusion. In *United States v. Perez-Perez*, 737 F.3d 950 (4th Cir. 2013), we applied the categorical approach to the North Carolina offense of "taking indecent liberties with children," N.C. Gen. Stat. § 14-202.1. The North Carolina statute at issue in that case prohibited both taking "any immoral, improper, or indecent liberties with any child . . . for the purpose of arousing or gratifying sexual desire" and "commit[ting] any lewd or lascivious act upon or with the body or any part or member of the body of any child . . . ." N.C. Gen. Stat. § 14-202.1. Comparing the generic offense of sexual abuse of a minor to the North Carolina statute, we had little

6

difficulty concluding that the North Carolina offense met the three characteristics of the generic offense. Virginia's law is not broader than North Carolina's in any relevant way.

Petitioner contends, however, that Virginia's law is distinguishable from the North Carolina law at issue in *Perez-Perez* because, unlike that law's open-ended elements, the Virginia offense can be committed in six distinct ways. But this specificity does not sweep in more conduct. Rather than leaving open what acts count as "lewd or lascivious" and which "part[s] or member[s] of the body of the child" are relevant as the North Carolina law did, the Virginia law simply spells out specific acts (and, of course, requires lascivious intent). To put a finer point on this, petitioner fails to explain which subsection of Virginia Code § 18.2-370.1(A) describes non-lewd and non-lascivious acts—surely to "feel or fondle," to "expose . . . sexual or genital parts," "fellatio" and so forth are lewd or lascivious and would therefore fall under the North Carolina law as well. And if there were any doubt from the text of the statute alone that the North Carolina law covered propositions, case law clearly resolved it. *See, e.g.*, *State v. Every*, 578 S.E.2d 642, 647-49 (N.C. Ct. App. 2003) (upholding a conviction when the lewd acts were "mere words" over the phone).

That the Virginia and North Carolina statutes target much the same conduct is confirmed by their prefatory language. The North Carolina law is titled "taking indecent liberties with children," N.C. Gen. Stat. § 14-202.1, while the Virginia law is titled "taking indecent liberties with child by person in custodial or supervisory relationship," Va. Code § 18.2-370.1. The two states passed laws with different wording and structure,

7

but each aims at similar conduct, and it is that conduct we evaluate for a match to the generic offense of sexual abuse of a minor.

Were we to adopt any other approach, states could find themselves whipsawed. In this case petitioner faults Virginia for its detailed statutory text. The enumeration of so many restrictions on propositions, he contends, is indicative of impermissible breadth. *See* App. Reply Br. at 7. In other contexts, however, it is the more general language in state statutes that spawns inventive hypotheticals outside the generic offense. *See United States v. Stitt*, 139 S. Ct. 399, 404, 407 (2018) (holding that a detailed Tennessee statute categorically matched generic burglary, but remanding a consolidated case concerning a more generally framed Arkansas law that "might cover a car in which a homeless person occasionally sleeps"). It is all a sort of Catch-22 that, if indulged, would defeat the obvious congressional intention that molesters of children should be subject to removal.

Petitioner poses hypothetical scenarios of conduct that might be criminal under Virginia law, but not sexually abusive as Congress envisioned it. For example, the Virginia statute might cover an 18-year-old who propositions a 17-year-old worker in his care or employ. App. Br. at 11, 24. The Virginia statute might also cover that 18-year-old if he exposed himself to a 17-year-old who was not looking at the time. Other scenarios involve the same hapless 18-year-old manager being asked by the 17-year-old victim to send sexually explicit texts and complying. Even were those scenarios outside the generic definition of sexual abuse of a minor, petitioner has identified no actual prosecutions anything like these. Aside from the fact that no "custodial or supervisory relationship," Va. Code § 18.2-370.1(A), is likely to be involved, such fanciful applications of the

8

statute reflect "legal imagination" and "theoretical possibility" without the deflating dose of "realistic probability" the Supreme Court requires us to deploy. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

The above points to one way in which the Virginia statute is actually narrower than both the North Carolina indecent liberties statute and the generic offense of sexual abuse of a minor: it applies only to those in a "custodial or supervisory relationship with the child." Va. Code § 18.2-370.1(A). Virginia's statute aims at that particular category of abuse perpetrated by those in positions of authority, more specifically, those with "the responsibility for and control of the child's safety and well-being." *Linnon v. Commonwealth*, 287 Va. 92, 98, 752 S.E.2d 822, 826 (2014) (internal quotation marks and alterations omitted). Sexual abuse of children always involves preying on the vulnerable, but offenses like those targeted by Virginia's statute entail something even more insidious. In "custodial" cases, the victim had reason to trust the perpetrator as a coach, a scout leader, a pastor, a parent, a babysitter, a teacher, or any of the myriad other positions that, when carried out in non-abusive ways, contribute mightily, indeed beautifully, to a child's becoming a responsible adult. Far from being overbroad, the Virginia statute is narrowly tailored.

### III.

Petitioner's final contention is that the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), overruled our case law defining the generic offense of sexual abuse of a minor. In that case, the Supreme Court "h[e]ld that in the context of statutory rape offenses focused solely on the age of the participants, the

9

generic federal definition of 'sexual abuse of a minor' under § 1101(a)(43)(A) requires the age of the victim to be less than 16." *Id.* at 1572-73. Petitioner infers from this holding and other language in the opinion that Virginia's law sweeps in two categories of conduct that are not covered by the generic offense of sexual abuse of a minor: first, cases in which the victim is 16 or 17 years old, and second, cases lacking sexual intercourse or physical contact.

We are not persuaded. *Esquivel-Quintana* focused on the narrow context of statutory rape. It repeatedly limited its holding to "the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants." *Id.* at 1568; *see also id.* at 1570 ("in the context of statutory rape offenses predicated solely on the age of the participants"); *id.* at 1572 ("in the context of statutory rape offenses focused solely on the age of the participants").

Indeed, to underscore that its holding excluding 16-and-17-year-olds as sexual abuse victims reached *only* the context of statutory rape, the Supreme Court specified a class of cases the opinion did not address. To wit, "offenses predicated on a special relationship of trust between the victim and offender are not at issue here and frequently have a different age requirement than the general age of consent." *Esquivel-Quintana*, 137 S. Ct. at 1570; *see also id.* at 1571-72 ("Many jurisdictions set a different age of consent for offenses that include an element apart from the age of the participants, such as offenses that focus on whether the perpetrator is in some special relationship of trust with the victim. . . . Accordingly, the generic crime of sexual abuse of a minor may

10

include a different age of consent where the perpetrator and victim are in a significant relationship of trust.").

There are good reasons to treat statutory rape differently from other crimes. Statutory rape is an unusual crime in several respects, but most relevant here is that it requires no *mens rea*—offenders are strictly liable if they have sexual intercourse with a person below a certain age. *E.g.*, Cal. Penal Code § 261.5 (defining statutory rape, but requiring no *mens rea*). By contrast, to take indecent liberties under Virginia law, a custodian must act "with lascivious intent, knowingly, and intentionally." Va. Code § 18.2-370.1(A). Without the element of intent to "police[] the line between lawful and unlawful conduct," *United States v. Alfaro*, 835 F.3d 470, 476 (4th Cir. 2016), it is sensible to limit offenses more stringently by age. But where the reason for limiting the offense to victims under 16 does not apply, the limitation itself need not apply. We see no reason to expand *Esquivel-Quintana*'s reasoning to a crime that requires prosecutors to prove "lascivious intent."

Virginia's custodial indecent liberties statute differs from statutory rape not only in requiring *mens rea*, but also in requiring prosecutors to establish beyond a reasonable doubt the existence of a "custodial or supervisory relationship over a child." Va. Code § 18.2-370.1(A). Petitioner's argument that the custodial prong is meaningless or unenforced is insubstantial. A Virginia court recently reversed a custodial indecent liberties conviction because there was insufficient evidence to show a custodial relationship, rejecting what it called the prosecution's attempt to "airbrush the word 'supervisory' from the statute." *Hutton v. Commonwealth*, 66 Va. App. 714, 725, 791

11

S.E.2d 750, 755 (2016). This element makes the Virginia offense precisely one involving a "special relationship of trust" that the Supreme Court meant to exempt from its holding. *Esquivel-Quintana*, 137 S. Ct. at 1570. *Esquivel-Quintana* was a case about statutory rape—this case is not. We decline petitioner's invitation to hear what the Court was not saying.

Petitioner further argues that *Esquivel-Quintana* by implication limited sexual abuse of a minor to crimes involving sexual contact. This logic would upend the generic definition and exclude misconduct that few would doubt is abuse of a minor in common parlance. Convictions involving indecent communications with minors over the internet, by phone, or any other remote channel would no longer count. Sexually lascivious nude exposure to a minor would not constitute sexual abuse, nor would photographing minors in sexually explicit postures so long as no physical contact was involved.

We doubt the Supreme Court would adopt such a far-reaching rule without the most careful consideration of its consequences. There is no such consideration in *Esquivel-Quintana*, because the Supreme Court laid down no such absolute rule. To be sure, the Court said that "we leave for another day . . . whether the generic offense encompasses *sexual intercourse* involving victims over the age of 16 that is abusive because of the nature of the relationship between the participants." 137 S. Ct. at 1572 (emphasis added). But using the term "sexual intercourse" rather than something broader provides too faint an implication that physical contact is a prerequisite for a finding of sexual abuse. We lack the authority to overturn our precedent when the Supreme Court did not.

## IV.

For the foregoing reasons, we deny the petition and hold that conviction of the Virginia offense of taking custodial indecent liberties with children, Va. Code § 18.2-370.1(A), qualifies categorically as an aggravated felony of sexual abuse of a minor under the INA.

*PETITION DENIED*

13