**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-1083**

───────────

JOSE WILLIAN CASTRO-GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

───────────

On Petition for Review of Orders of the Department of Homeland Security.

───────────

Submitted:  September 2, 2022                    Decided:  December 16, 2022

───────────

Before WYNN, RICHARDSON, and RUSHING, Circuit Judges.

───────────

Petition denied in part and dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Vincent Rivas-Flores, KONARE LAW, Frederick, Maryland, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Lance L. Jolley, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Willian Castro-Gonzalez (Castro), a native and citizen of El Salvador, petitions this court for review of his Final Administrative Removal Order and adverse reasonable fear determination, both of which were issued during Castro's expedited removal proceedings as a noncitizen convicted of an aggravated felony under the Immigration and Nationality Act ("INA") § 238(b), codified at 8 U.S.C. § 1228(b).  For the reasons discussed below, we deny the petition for review in part and dismiss it in part.

Pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D), to review the final order of removal of a noncitizen who is removable for having been convicted of certain enumerated crimes, including an aggravated felony.  Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Castro] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." *Ramtulla v. Ashcroft*, 301 F.3d 202, 203 (4th Cir. 2002).  Once we confirm these two factual determinations, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); *see Cucalon v. Barr*, 958 F.3d 245, 249 (4th Cir. 2020); *see also Gomis v. Holder*, 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a colorable constitutional claim or question of law, our review of the issue is not authorized by [8 U.S.C. §] 1252(a)(2)(D).").  This jurisdiction-limiting provision does not, however, deprive us of jurisdiction to consider legal and factual challenges to the denial of relief under the Convention Against Torture (CAT).  *Nasrallah v. Barr*, __ U.S. __, 140 S. Ct. 1683, 1692 (2020) (holding that the order denying relief under the CAT "does not merge

2

into the final order of removal for purposes of §§ 1252(a)(2)(C)-(D)'s limitation on the scope of judicial review").

Castro's primary argument is that his Virginia conviction for taking indecent liberties with a child under the age of 15, in violation of Va. Code Ann. § 18.2-370, does not qualify as an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include, among other offenses, "sexual abuse of a minor"). We review this issue de novo. *Moreno-Osorio v. Barr*, 2 F.4th 245, 252 (4th Cir. 2021).

In *Thompson v. Barr*, we ruled that a substantially similar Virginia statute, Va. Code Ann. § 18.2-370.1, which criminalizes taking custodial indecent liberties with a child, qualifies as an aggravated felony as a categorical child sexual abuse offense. 922 F.3d 528, 531-35 (4th Cir. 2019). Although Castro asserts that *Thompson* was wrongly decided, his efforts to cast doubt on *Thompson* fall far short and, in any event, one panel of this court may not overrule another. *See McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) (explaining established rule that "one panel cannot overrule a decision issued by another panel"). Perhaps more importantly, though, Castro makes no attempt to meaningfully distinguish *Thompson*. At most, Castro summarily asserts that the statute of conviction here—Va. Code Ann. § 18.2-370—punishes "some acts" that "do not meet the generic definition of sexual abuse, as defined by the Supreme Court" (Pet'r's Br. (ECF No. 18) at 9), but he fails to cite any supporting authority. Without the requisite categorical analysis, *see Thompson*, 922 F.3d at 530 ("In assessing whether an offense qualifies as an aggravated felony under the INA, we apply the categorical approach"), we uphold the

3

decision to qualify Castro's conviction under Va. Code Ann. § 18.2-370 as an aggravated felony of sexual abuse of a minor, and deny the petition for review as to this claim.

Castro's next two arguments pertain to the immigration judge's concurrence with the asylum officer's finding that Castro did not establish a reasonable fear of persecution on account of a protected ground for withholding of removal under the INA. *See* 8 C.F.R. § 1208.31(c), (g)(1) (2022). Upon review, we conclude that neither of the proffered issues is sufficiently colorable to invoke this court's jurisdiction. *Accord Lumataw v. Holder*, 582 F.3d 78, 84 (1st Cir. 2009) ("To form the basis of judicial review under § 1252(a)(2)(D), the alleged underlying constitutional or legal question must be colorable; that is, the argument advanced must, at the very least, have some potential validity." (internal quotation marks omitted)). Accordingly, we dismiss the petition for review in part as to those issues.

Finally, Castro assigns error to the immigration judge's concurrence with the asylum officer's rejection of his claimed fear of torture, which arises under the CAT. Upon review, we conclude that substantial evidence supports the relevant factual findings, *see Nasrallah*, 140 S. Ct. at 1692, and that the immigration judge committed no reversible legal error in concurring with the asylum officer's rejection of this claim. Accordingly, we deny the petition for review as to these issues.

For these reasons, we deny the petition for review in part and dismiss it in part. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional

process.

*PETITION DENIED IN PART*
*AND DISMISSED IN PART*