**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-1013**

———————

KEVIN KOU CHUN HSIEH,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Argued: March 19, 2025                    Decided: June 4, 2025

———————

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

———————

Petition denied by published opinion. Judge Niemeyer wrote the opinion, in which Judge Wilkinson and Judge Wynn joined.

———————

**ARGUED:** Erica Joan Hashimoto, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Petitioner. Sheri Robyn Glaser, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Cameron Bakkar, Student Counsel, Madeline Sachs, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

NIEMEYER, Circuit Judge:

After Kevin Hsieh, a native and citizen of India, was convicted of inducing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), an immigration judge (IJ) in the Department of Justice ordered him removed from the United States because his conviction was for (1) the "aggravated felony" of "sexual abuse of a minor," 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43), and (2) "a crime of child abuse," *id.* § 1227(a)(2)(E)(i), either of which warranted his removal. The Board of Immigration Appeals (BIA) dismissed his appeal. In this petition for review, Hsieh contests the order of removal, contending that the elements of the statute of conviction are categorically broader than both "sexual abuse of a minor" and "child abuse" because § 2422(b) can be committed with conduct that would not support a conviction for either of those two generic offenses. Therefore, he contends that his § 2422(b) conviction does not justify an order of removal.

We conclude, however, that a § 2422(b) crime does indeed categorically constitute a match for both the aggravated felony of sexual abuse of a minor and the crime of child abuse, as those crimes are stated in the Immigration and Nationality Act (INA). Accordingly, we deny Hsieh's petition for review.

I

Hsieh entered the United States in August 1995 on a student visa, and in July 2008, he adjusted his status to that of lawful permanent resident.

2

On November 8, 2018, Hsieh was indicted in the United States District Court for the Eastern District of Michigan on five counts arising from his sexual relationship with a minor and one count arising from his threatening communications with that minor. Pursuant to an agreement reached with the government, Hsieh pleaded guilty to one count of coercion or enticement of a minor under 18 U.S.C. § 2422(b). In the factual statement supporting his guilty plea, Hsieh admitted that he met a 14-year-old girl on MySpace, a social media website; that he met with her in person multiple times over the course of three years; and that he engaged in sexual intercourse with her on numerous occasions. Hsieh also admitted that he encouraged the minor to send him nude photographs and that she complied with that request. Finally, he admitted that he took nude pictures and videos of himself and the minor while they were engaged in sexual acts. The district court accepted Hsieh's guilty plea and sentenced him to 276 months' imprisonment. The judgment was affirmed on appeal in June 2022.

Following Hsieh's conviction, the Department of Homeland Security issued Hsieh a Notice to Appear, charging him with removability for having committed (1) the "aggravated felony" of "sexual abuse of a minor" and (2) "a crime of child abuse." Hsieh contested removability, arguing that his § 2422(b) conviction did not render him removable because the Supreme Court held in *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017), that a statutory rape offense must require the victim to be less than 16 years old for the crime to constitute the removable offense of sexual abuse of a minor. He argued that because § 2422(b) criminalizes conduct involving minors who are 16 or 17 years old, it is

possible to violate that statute without committing the generic crimes of sexual abuse of a minor or child abuse.

The IJ rejected Hsieh's arguments and ordered him removed, sustaining both grounds for removability. The IJ found that § 2422(b) was a categorical match for sexual abuse of a minor because "the conduct proscribed in 18 U.S.C § 2422(b) is narrower than the minimum conduct included in the federal generic definition." The IJ distinguished *Esquivel-Quintana*, noting that its holding was limited to the context of statutory rape, as explained in *Thompson v. Barr*, 922 F.3d 528, 534 (4th Cir. 2019). The IJ also determined that Hsieh's § 2422(b) conviction was a match for a crime of child abuse because "[a] conviction under 18 U.S.C. § 2422(b) requires [that] the defendant 'knowingly' persuaded/induced/enticed/coerced or attempted to persuade/induce/entice/coerce an individual to engage in any sexual activity or prostitution," therefore meeting "the mens rea of knowledge as required in the definition of child abuse." (First citing Fifth Circuit Pattern Criminal Jury Instructions § 2.93 (2019); and then citing *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 503 (B.I.A. 2008)).

The BIA agreed with the IJ's reasoning and dismissed Hsieh's appeal.

From the BIA's order dated November 30, 2023, Hsieh filed this petition for review.

II

Hsieh contends that his § 2422(b) conviction does not justify his removal because it does not amount to a conviction for either the generic aggravated felony of sexual abuse of a minor or the generic crime of child abuse. He notes correctly that in addressing his

4

position, we should not consider the conduct for which he was convicted, but rather determine whether a conviction under § 2422(b) *categorically*, without consideration of the facts, matches the crimes for removal. If we were to look at Hsieh's conduct, as admitted by him, there would be no doubt that he engaged in sexual abuse of a minor and child abuse. But the applicable provisions of the INA direct that we look not at Hsieh's *conduct* but rather at *the fact of his conviction* and assess whether the offense of conviction matches the generic crimes specified in the INA. *See Esquivel-Quintana*, 581 U.S. at 389–90; *Thompson*, 922 F.3d at 530. Under this categorical approach, we look to the elements of the § 2422(b) crime and determine whether "the *minimum conduct* criminalized" would constitute either sexual abuse of a minor or child abuse. *Ortega-Cordova v. Garland*, 107 F.4th 407, 413 (4th Cir. 2024). Of course, if the crime, by its elements, can be committed with conduct *broader* than what constitutes sexual abuse of a minor or child abuse, we could not be sure that a conviction under § 2422(b) would qualify as a conviction for either generic crime and therefore would have to grant Hsieh's petition for review.

A

Turning first to the statute of conviction, § 2422(b) provides, as relevant:

> Whoever, using . . . any facility . . . of interstate . . . commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be [punished].

18 U.S.C. § 2422(b). Thus, to violate that provision, a person must have (1) used a facility or means of interstate commerce (2) to knowingly persuade, induce, entice, or coerce or

5

attempt to persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in an illegal sexual activity. *See United States v. Fugit*, 703 F.3d 248, 254 (4th Cir. 2012). In light of those elements, we have observed that sexual activity need not involve "interpersonal physical contact," but it does "comprise conduct connected with the active pursuit of libidinal gratification." *Id.* at 255 (cleaned up). We have also observed that the statute was "designed to protect children from the act of solicitation" and "psychological sexualization." *Id.* (cleaned up).

Thus, under the categorical approach, we determine whether every § 2422(b) offense — focusing on the least culpable conduct necessary for conviction — matches or is no broader than the generic crimes warranting removal under the INA.

The INA provides for the removal of "[a]ny alien who [has been] convicted of an aggravated felony at any time after admission," 8 U.S.C. § 1227(a)(2)(A)(iii), and it defines "aggravated felony" to include both "sexual abuse of a minor," *id.* § 1101(a)(43)(A), and "an attempt . . . to commit" sexual abuse of a minor, *id.* § 1101(a)(43)(U). Similarly, the INA provides for the removal of "[a]ny alien who [has been] convicted of . . . a crime of child abuse." *Id.* § 1227(a)(2)(E)(i). Thus, a conviction for an offense that would constitute either crime is sufficient to support removal. And in this case, the IJ relied on both to order Hsieh's removal. We begin with the IJ's first ground — "sexual abuse of a minor."

We have defined the aggravated felony of "sexual abuse of a minor" to be the "perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Larios-Reyes v. Lynch*, 843 F.3d 146, 159 (4th Cir.

6

2016) (quoting *United States v. Diaz-Ibarra*, 522 F.3d 343, 352 (4th Cir. 2008)). Thus, we have observed that the offense has "three salient characteristics": (1) the offense must target conduct directed toward a minor; (2) the offense must involve a mental element focused on sexual gratification; and (3) the offense must involve physical or nonphysical misuse or maltreatment. *Thompson*, 922 F.3d at 531–32.

So defined, the offense encompasses a broad scope of conduct, including crimes involving indecent communications with a minor, sexually lascivious nude exposure to a minor, and photographing a minor in sexually explicit postures. *See Thompson*, 922 F.3d at 535; *United States v. Zavala-Sustaita*, 214 F.3d 601, 607 (5th Cir. 2000) (explaining that "§ 1101(a)(43)(A) strongly suggests an intent to give a broad meaning to 'sexual abuse of a minor'"). Given this broad scope, the aggravated felony of sexual abuse of a minor naturally covers attempt offenses, as well as completed offenses. Indeed, the INA defines aggravated felony to include not only "sexual abuse of a minor" but also "an attempt" to sexually abuse a minor. 8 U.S.C. § 1101(a)(43)(A), (U); *see also Gattem v. Gonzales*, 412 F.3d 758, 766–67 (7th Cir. 2005) (recognizing that sexual abuse of a minor includes "an attempt to persuade, induce, or entice a child to engage in a sexual act").

As the aggravated felony of "sexual abuse of a minor" is so understood, we readily conclude that a violation of § 2422(b) is such a crime and no broader. *First*, § 2422(b) does indeed target conduct directed toward a minor. *See Fugit*, 703 F.3d at 255. *Second*, a § 2422(b) violation focuses, as noted, on sexual gratification. *Id.* And *third*, the statute criminalizes the physical or nonphysical misuse or mistreatment of the minor and attempts at such misuse or mistreatment, targeting "the psychological sexualization of children,"

7

which is an "evil [that] can surely obtain in situations where the contemplated conduct does not involve interpersonal physical contact." *Id.* Accordingly, with the three requirements of the generic crime met, a § 2422(b) conviction justifies removal under 8 U.S.C. § 1227(a)(2)(A)(iii).

Hsieh responds, however, that § 2422(b) is broader than we have noted, as it encompasses sexual activity with a minor who is 16 or 17 years old, which, under *Esquivel-Quintana*, does not constitute sexual abuse of a minor under the INA. In *Esquivel-Quintana*, the Supreme Court held that a California statute that criminalized consensual sexual intercourse between a 21-year-old and a 17-year-old was not the generic crime of "sexual abuse of a minor" under the INA, while recognizing that a statute criminalizing conduct exclusively involving minors under the age of 16 would have qualified as the generic crime. 581 U.S. at 390–91. But the Court limited its holding, stating that it only encompassed circumstances in which the statute of conviction criminalized sexual intercourse "*based solely on the age of the participants.*" *Id.* (emphasis added).

We have noted that *Esquivel-Quintana*'s holding is narrow, applying only to a *strict liability* statute, and that it does not inform the broader question of whether an offense with a criminal mens rea constitutes sexual abuse of a minor. Specifically, in *Thompson*, we observed that "*Esquivel-Quintana* focused on the narrow context of statutory rape," as the Court "repeatedly limited its holding to 'the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants'" and without any mens rea. 922 F.3d at 534 (quoting *Esquivel-Quintana*, 581 U.S. at 390). As we stated,

8

> There are good reasons to treat statutory rape differently from other crimes. Statutory rape is an unusual crime in several respects, but most relevant here is that it requires no *mens rea* — offenders are strictly liable if they have sexual intercourse with a person below a certain age.

*Id.* But § 2422(b) does indeed have a mens rea requirement. It requires the defendant to have "knowingly" persuaded, induced, enticed, or coerced a minor to engage in sexual activity or to have "knowingly" attempted to do so in the active pursuit of libidinal gratification. *Esquivel-Quintana*'s limited holding regarding strict liability offenses therefore does not apply. *See Fugit*, 703 F.3d at 255 (citing *Diaz-Ibarra*, 522 F.3d at 351–52).

Acknowledging that § 2422(b) does require a mens rea, Hsieh argues that the "mens rea is tied not to the intent to achieve sexual gratification but rather to the intent to achieve a minor's agreement to engage in sexual activity." But it is no answer for Hsieh to note that § 2422(b) only criminalizes an attempt to obtain a minor's assent to illegal sexual activity because, for a crime to constitute the generic offense of "sexual abuse of a minor," it need only be committed "for a purpose associated with sexual gratification." *Larios-Reyes*, 843 F.3d at 159 (quoting *Diaz-Ibarra*, 522 F.3d at 352). And, as we have held, "the phrase 'sexual activity' in § 2422(b) denotes conduct connected with the 'active pursuit of libidinal gratification' on the part of any individual." *Fugit*, 703 F.3d at 256. Thus, the mens rea in § 2422(b) readily matches the mens rea required for sexual abuse of a minor under the INA. *Id.* at 255.

Hsieh also contends that § 2422(b) is overbroad because it does not require a defendant to have any contact with an actual child, as opposed to an undercover officer.

9

But the generic offense of sexual abuse of a minor under the INA does not require contact with a minor; it only requires physical or *nonphysical* "maltreatment" of the minor *or an attempt* at such maltreatment. As we have noted, the generic offense requires conduct oriented toward minors, a focus on sexual gratification, and physical or nonphysical misuse or maltreatment or an attempt at such. *Thompson*, 922 F.3d at 531–32. The minimum culpable conduct encompassed by § 2422(b) satisfies those requirements. *See Sharashidze v. Gonzales*, 480 F.3d 566, 568 n.4 (7th Cir. 2007) (noting that "the presence of an intermediary . . . is a dubious basis for distinction").

In short, we conclude that a § 2422(b) offense is a match for the generic crime of "sexual abuse of a minor," as used in the INA, 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43), and therefore that Hsieh's conviction under § 2422(b) warrants his removal.

B

We also conclude that § 2422(b) qualifies as a "crime of child abuse" under § 1227(a)(2)(E)(i) and thus warrants removal. Although the INA provides for removal of an alien who has been convicted of "a crime of child abuse," it does not define the crime. 8 U.S.C. § 1227(a)(2)(E)(i). But we have filled that gap.

In *Cruz v. Garland*, we held that a crime of child abuse, as used in the INA, has three elements: "(1) a culpable mental state and (2) an act or omission that causes harm or creates a reasonable probability of harm (3) to a child." 101 F.4th 361, 369 (4th Cir. 2024). And we noted that the "mens rea requirement 'applies only to the act, not the child's age.'" *Id.* (quoting *Garcia v. Barr*, 969 F.3d 129, 135–36 (5th Cir. 2020)). In addition, we

10

clarified that the "harm or reasonable probability of harm" element can include the harm caused by attempts. *Id.* at 368. As we explained, "A person who attempts to harm a child has necessarily increased the chances that harm will befall that child," and thus "[i]t follows that an attempt offense qualifies as a crime of child abuse if the underlying offense qualifies as a crime of child abuse and the relevant jurisdiction's definition of attempt requires a likelihood or reasonable probability of harm to a child." *Id.* at 366.

Hsieh contends that a § 2422(b) violation can be committed without causing "a reasonable probability of harm to a child," the second and third elements of child abuse identified in *Cruz*. As he explains,

> Courts have interpreted Section 2422(b) to criminalize a broad range of conduct, much of which does not even remotely involve a child. . . . [A] defendant can be convicted under Section 2422(b) for sending online messages to a law enforcement officer posing as the guardian of a fictitious child. And even where an actual parent or caretaker is involved, the persuasion element of Section 2422(b) can be met without the defendant seeking to have any of his communications passed on to a child. . . . By criminalizing communications that never reach a child, let alone result in an agreement that is reasonably probable to harm a child, Section 2422(b) criminalizes conduct that does not meet this Court's definition of child abuse under the INA.

(Citations omitted). But Hsieh is too quick to discount the real risk of harm involved in every § 2422(b) violation. *See Sandoval Argueta v. Bondi*, __ F.4th __, No. 23-60080, 2025 WL 1355418, at *6 (5th Cir. May 9, 2025) (noting that "whether an alien solicits sex from an actual minor or undercover agent is irrelevant").

As to *Cruz*'s first element — a culpable mental state — a violation of § 2422(b) requires a mens rea such that the defendant must "knowingly" persuade, induce, entice, or coerce a minor to engage in sexual activity or prostitution, or attempt to do so. 18 U.S.C.

11

§ 2422(b). "By forbidding the knowing persuasion, inducement, enticement, or coercion of a minor, the statute criminalizes an intentional attempt to achieve a mental state — a minor's assent — regardless of the accused's intentions concerning the actual consummation of sexual activities with the minor." *Fugit*, 703 F.3d at 255 (cleaned up). Moreover, the minor's sexual activity that is the object of the persuasion, coercion, or attempt to persuade or coerce "comprises conduct connected with the 'active pursuit of libidinal gratification.'" *Id.*

As to *Cruz*'s second element — conduct that creates at least a reasonable probability of harm — § 2422(b) "was designed to protect children from the act of solicitation itself," which is "a harm." *United States v. Hughes*, 632 F.3d 956, 961 (6th Cir. 2011); *see also United States v. Hite*, 769 F.3d 1154, 1163 (D.C. Cir. 2014) ("The purpose of § 2422(b) was to protect minors from sexual exploitation by online predators"); *United States v. Shill*, 740 F.3d 1347, 1353 (9th Cir. 2014) (noting that the § 2422(b) defendant's conduct involved "real harm to a particularly vulnerable class of individuals whom Congress intended to protect through its enactment of § 2422"). These cases thus recognize that § 2422(b) seeks to protect children from the harm of sexual solicitation or the attempt to enlist the child in illegal sexual activity. When recognizing that the harm from a § 2422(b) violation is the use and exploitation or attempted use and exploitation of the minor to achieve a minor's assent for the purpose of sexual gratification, the offense well fits the second element of the crime of child abuse.

And as to *Cruz*'s third requirement — that the offense involve a child — Hsieh recalls *Esquivel-Quintana* and argues that the generic definition of "a crime of child abuse"

12

does not include consensual sexual activity involving 16- and 17-year-olds, which is criminalized under § 2422(b).  But again, he fails to distinguish *Thompson*, which noted that *Esquivel-Quintana*'s holding was limited to the context of statutory rape without a mens rea.

*      *      *

For the reasons given, we affirm the decision of the BIA holding that Hsieh is removable because his crime of conviction, § 2422(b), is a categorical match for the aggravated felony of sexual abuse of a minor and for child abuse, as each is used in the INA.

PETITION DENIED